(Opinion published 52 N. W. Rep. 864.)

PIONEER SAVINGS & LOAN CO. *vs.* STEPHEN S. FARNHAM *et al.*

Argued May 27, 1892.   Decided June 27, 1892.

**Rents and Profits During the Year for Redemption.**

> Upon a foreclosure of a mortgage of real estate under the power of sale it ceases to be a security for a debt, and the rights of the mortgagor and purchaser are to be measured by the statute, and not by anything in the mortgage, so that, though it pledge the rents, the purchaser is not entitled to them during the year for redemption.

Appeal by the plaintiff, the Pioneer Savings and Loan Company, from an order of the District Court of Hennepin County, *Canty*, J., made December 5, 1891, sustaining a demurrer to the complaint.

On July 1, 1890, the defendant Stephen S. Farnham owned two adjacent lots in Minneapolis with a block of buildings thereon, and on that day mortgaged them to plaintiff to secure the payment by him of $6,500 and interest.   Farnham covenanted in the mortgage that the property was free from prior liens, and he therein empowered the plaintiff on default to take and receive the rents, use, occu-

pancy and income of the property and apply the net proceeds upon the debt. The mortgage also contained the usual power to sell the property on default and apply the proceeds to pay the debt. The debt fell due and remained unpaid and plaintiff foreclosed, and the sheriff sold the property June 13, 1891, under the power in the mortgage, to plaintiff for the full amount of its demand, interest, taxes, insurance and costs; and it received the certificate of sale. The property was rented to divers tenants and produced over $150 a month net revenue. There were prior incumbrances and liens on the property. Plaintiff brought this action, making Farnham and the tenants, defendants, and stating these facts and seeking to obtain the monthly rents and have them applied upon the prior liens; claiming Farnham to be insolvent and its certificate of sale inadequate security. It made the tenants and the holders of the prior liens and incumbrances parties to the action.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer, and plaintiff appealed to this court.

*G. D. Emery* and *S. M. Davis*, for appellant.

The plaintiff is entitled to the appointment of a receiver of the rents when the mortgage so provides, regardless of the value of the property. He is entitled to have the rents applied to keep down the interest, taxes, insurance, and repairs. Wiltse, Forecl. Mortg. § 657; *Syracuse City Bank* v. *Tallman*, 31 Barb. 201; *Zeiter* v. *Bowman*, 6 Barb. 133; *Bank of Ogdensburg* v. *Arnold*, 5 Paige Ch. 38; *Demick* v. *Cuddihy*, 72 Cal. 110; *Hollenbeck* v. *Donnell*, 94 N. Y. 342; *Bryson* v. *James*, 55 N. Y. Super. Ct. 374; *McKellar* v. *Rogers*, 52 N. Y. Super. Ct. 360; *Keough Mfg. Co.* v. *Whiston*, 26 Abb. New Cas. 358.

The debt of Farnham is not paid by the foreclosure sale, while any liens remain unsettled. If plaintiff during the year of redemption is compelled to pay liens and claims, contrary to the conditions of its mortgage, it is entitled without any clause in the mortgage assigning the rents, to the appointment of a receiver and the application of

the rents upon such claims. But the mortgage expressly provides that immediately upon default, plaintiff shall be entitled to the rents, use and occupancy of the premises. The fact of sale for the full amount of the claim, where a less title is conveyed than that contracted for, does not satisfy plaintiff's debt. Subsequent events occur which show the covenants of the mortgage unfulfilled and the title inferior to that warranted, and the warrantor being insolvent, the equitable remedy of a receiver and application of the rents will be allowed. Under the mortgage in this case appellant is entitled to the rents after sale absolutely, unless redemption is made.

*W. H. Adams* and *C. C. Joslyn,* for respondent.

The mortgage described in the complaint herein, being given as security for the payment of a specified sum, the foreclosure and sale of the mortgaged premises for the full sum, principal, interest, taxes, insurance and costs of sale, operated as an extinguishment of the mortgage and of all rights thereunder. *Berthold* v. *Holman,* 12 Minn. 335, (Gil. 221;) *Dick* v. *Moon,* 26 Minn. 309; *Fowler* v. *Johnson,* 26 Minn. 338; *Hanson* v. *Dunton,* 35 Minn. 189; *Hood* v. *Adams,* 124 Mass. 481; *Morgan* v. *Sherwood,* 53 Ill. 171; 2 Jones, Mortg. §§ 953, 1227.

Had an action been brought to foreclose the mortgage, and had a receiver been asked for in that action, the court would have had the power to appoint such receiver. *Lowell* v. *Doe,* 44 Minn. 144.

In the absence of any agreement to surrender possession during the year of redemption, we contend that the right to possession is absolute in the mortgagor during that period. *Adams* v. *Corriston,* 7 Minn. 372, (Gil. 365;) *Rogers* v. *Benton,* 39 Minn. 39; *Donnelly* v. *Simonton,* 7 Minn. 167, (Gil. 110;) *Spencer* v. *Levering,* 8 Minn. 461, (Gil. 410;) *Loy* v. *Home Ins. Co.,* 24 Minn. 315; *Kortright* v. *Cady,* 21 N. Y. 343; *Wagar* v. *Stone,* 36 Mich. 364; *Lee* v. *Clary,* 38 Mich. 223; *Hazeltine* v. *Granger,* 44 Mich. 503; *Cooke* v. *Cooper,* 18 Or. 142.

GILFILLAN, C. J. Farnham executed to plaintiff a mortgage upon real estate, with the ordinary *habendum* clause, "to have and to hold

the same with all and singular the use, income, rents, profits," etc. Under a power of sale in the mortgage plaintiff foreclosed it by sale June 13, 1891, becoming itself the purchaser at a price sufficient to cover the full amount due on the mortgage and costs and expenses of sale. It brings this action to have a receiver appointed to collect the rents accruing during the year for redemption, and pay them to it. Assume that the mortgage also pledged the rents and profits as security for the debt, and still it is impossible to see how such an action can be maintained. The remedy upon the mortgage as a security was exhausted by the foreclosure. It thereupon became, as security, *functus officio*, and its only future office was as a muniment of title, in case of the mortgagor's failure to redeem. The debt it secured ceased to exist. After the foreclosure the rights of the parties were to be measured, not by anything in the mortgage, except so far as it was a muniment of title, or in the note it secured, but by the statute. That gave to the mortgagor the right to redeem within a year, and the right of possession meantime; to the purchaser the right to become absolute owner of the real estate, or to receive the price bid, with interest. These rights are absolute, and the parties cannot be deprived of them. The relief sought by plaintiff would deprive the mortgagor of the right to the possession before the time to redeem expires.

Orders affirmed.

(Opinion published 52 N. W. Rep. 897.)