FRANCES M. CAMPBELL *vs.* NORTHERN PACIFIC R. Co. *et al.*

Argued by appellant, submitted on brief by respondent, Oct. 26, 1892. Decided Dec. 5, 1892.

**Master's Liability for the Torts of his Servant.**

Where a physician and surgeon employed by a railway company to attend to sick and injured persons committed to his charge is alleged to have willfully and maliciously assaulted an assistant, it is presumptively an independent tort, for which the master is not liable, and a bare statement or allegation that it was done in the course of his employment, and while in the discharge of his duty, is insufficient, by itself, to charge the master with liability.

Appeal by defendants, Northern Pacific Railroad Company and Northern Pacific Beneficial Association, from an order of the District Court of Crow Wing County, *Holland*, J., made March 5, 1892, overruling their demurrers to the complaint.

The plaintiff, Frances M. Campbell, complained that on January 15, 1892, at Brainerd, one John McGregor, a physician, employed by the above-named defendants, did maliciously strike, beat and bruise her, another servant, while both were in the performance of their several duties at a hospital, caring for the injured, brought in from a railroad accident. The complaint further stated that his acts done while in the performance of his duty as a physician were the acts of his principals, and that he was then and there a vice principal.

For a second count the plaintiff complained that on the next day McGregor, while in the performance of his duty, called her a slut, a sneak, an eavesdropper and liar and threatened to have her arrested. She alleged her damages to be $2,000, for which sum she demanded judgment. The defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action as against either of them. The demurrers were overruled, and defendants appeal.

*John H. Mitchell, Jr., Tilden R. Selmes* and *Leon E. Lum,* for appellants.

The complaint does not allege that the defendant companies did the acts, or caused them to be done, or that they either sanctioned or ratified them, and the only question presented for consideration is, whether the authority of McGregor as agent of the defendant companies to do the acts charged, is sufficiently alleged or shown by the complaint. The commission of the tortious act must be within the scope of the agency and the exercise of the duties in which the agent is employed. A principal cannot be held liable for the unauthorized, willful or malicious act or trespass of his agent. It is not sufficient to hold a principal liable for a wrong or trespass committed by one of its employes upon another, that the offender occupies a superior position to or in control of the injured party, even though the wrong be committed while the agent is in the discharge of his duties. The wrongful act must be within the scope of his employment, and legitimately and directly in the furtherance of the business of the principal which he is authorized to do, otherwise the principal is not liable. *Wright* v. *Wilcox,* 19 Wend. 343; *Richmond Turnpike Co.* v. *Vanderbilt,* 1 Hill, 480; S. C. in error, 2 N. Y. 479; *Chicago & N. W. Ry. Co.* v. *Bayfield,* 37 Mich. 205; *Glynn* v. *Houston,* 2 M. & G. 337; *Helfrich* v. *Williams,* 84 Ind. 553; *Fraser* v. *Freeman,* 43 N. Y. 566; *Wood* v. *Detroit City Ry. Co.,* 52 Mich. 402; *Golden* v. *Newbrand,* 52 Iowa, 59; *Mali* v. *Lord,* 39 N. Y. 381; *Church* v. *Mansfield,* 20 Conn. 284; *Howe* v. *Newmarch,* 12 Allen, 49.

*True & Wetherby,* for respondent.

The complaint avers that McGregor was one of the authorized stewards, physicians and surgeons of appellants, and that all acts done by him were done in the line of his duty, and were the acts of his superiors, and that McGregor was the vice principal of appellants in all the acts, matters and things stated in the complaint. The ultimate facts in the relation of principal and agent, are all that need be alleged. *Ellegard* v. *Ackland,* 43 Minn. 352; *Lee* v. *Lord,* 76 Wis. 582; *Eviston* v. *Cramer,* 57 Wis. 570; *Tierney* v. *Minneapolis & St. L. Ry. Co.,* 33 Minn. 311; *Fuller* v. *Jewett,* 80 N. Y. 46.

VANDERBURGH, J.   The defendant Northern Pacific Beneficial Association is alleged in the complaint to be an agency of the defendant railway company for the care of persons injured in the operation of the railroad.   The defendant McGregor was one of the physicians and surgeons employed for such purpose, having the charge and oversight of this special service, and was the representative of the association and railway company in and about the same.   The plaintiff also alleges that while the defendant McGregor was so in the line and in the course of the discharge of his said duty as such authorized agent and servant of said association and of said railway company as aforesaid, and on, to wit, January 15, 1892, in said county, said defendant McGregor did willfully and maliciously assault said plaintiff, and then and there strike, beat, bruise, and batter, insult, and injure the plaintiff, for which she claims damages.   She also sets up a cause of action for alleged defamatory and slanderous language used by McGregor in the course of his employment of and concerning the plaintiff.   To these separate causes of action the defendant interposed demurrers, which were overruled by the court, and this appeal brings before us the sufficiency of the complaint.

The nature of the employment of the defendant association and of McGregor is stated, and also the fact that plaintiff was a servant employed by such association, and was under the direction and subject to the orders of McGregor.

It will be observed that the business in which McGregor was employed was superintending the care of sick and injured persons, and it is alleged generally that any and all acts done and performed by him as such physician, etc., were the acts of his principal.   But there is clearly nothing in the complaint to warrant the inference or conclusion that the abusive language of McGregor was the act of his superiors, nor do we see that the alleged assault can be considered in any other light than an independent tort, which it presumptively was; and the bald statement that it was the act of the principal, or simply done while in the course of his employment, or while in the discharge of his duty, is hardly sufficient to charge the master.   The case is quite different from that of an assault upon a patient in charge of the defendants, and to whom they owed the duty alleged,

in which case the rule stated in *McCord* v. *Western Union Tel. Co.,* 39 Minn. 181, (39 N. W. Rep. 315,) would apply. An assault upon a patient to whom the defendants owed a special duty, and alleged to have been done in the course of the employment, would present an entirely different case. But it does not appear that there was a breach of any duty owed by defendant corporations to the plaintiff which their steward, McGregor, violated in the acts alleged, or that the wrong complained of was expressly or impliedly authorized by the railway company, or how it could be committed in the course of McGregor's employment, or in furtherance of the master's business.

Order reversed.

(Opinion published 53 N. W. Rep. 768.)