ANNIE S. CARLSON v. PRESBYTERIAN BOARD OF RELIEF.[1]

February 9, 1897.

Nos. 10,381—(250).

**Pleading.**

*Held*, following Pinney v. Fridley, 9 Minn. 23 (34), that where a general fact or result is pleaded, and also the special facts by which such result is reached, and they do not support the result, the special facts control, and the pleading is bad.

**Mortgage—Insurance.**

A mortgagee, holding a fire policy providing that the loss, if any, should be payable to the mortgagee as his interest might appear, which was procured and paid for by the mortgagor, foreclosed his mortgage, and bid in the premises at the sale for the full amount of his debt. Afterwards, but before the expiration of the time for redemption, the dwelling house covered by the mortgage and policy was injured by fire, and the insurance company paid the loss to the mortgagee. No redemption was made from the sale. *Held*, that the mortgagor could not recover of the mortgagee the amount so paid, but, if he had redeemed, he would have been entitled to have had the amount applied pro tanto on the redemption.

Appeal by plaintiff from an order of the district court for Hennepin county, Elliott, J., sustaining a demurrer to the complaint. Affirmed.

*H. J. Fletcher* and *Savage & Purdy*, for appellant.

The purchase of the mortgaged premises at the foreclosure sale by the defendant for the full amount due paid the debt and satisfied the mortgage. Sargeant v. Ruble, 33 Minn. 354, 23 N. W. 535; American B. & L. Assn. v. Waleen, 52 Minn. 23, 53 N. W. 867; American B. & L. Assn. v. Stoneman, 53 Minn. 212, 54 N. W. 1115; Tinkcom v. Lewis, 21 Minn. 132; Berthold v. Holcomb, 12 Minn. 221 (335); Steele v. Bond, 28 Minn. 267, 9 N. W. 772. After the foreclosure sale the defendant was no longer a mortgagee. The dictum in Loy v. Home Ins. Co., 24 Minn. 315, has been overruled by the later cases cited above. The defendant was simply a purchaser. Whitney v. Huntington, 34 Minn. 458, 26 N. W. 631; Stone v. Bassett, 4 Minn.

[1] Reported in 70 N. W. 3.

215 (298); Lawton v. St. Paul P. L. Co., 56 Minn. 353, 57 N. W. 1061.

Carlson had insured the property, and his right to the insurance was restricted only by the provision making the loss payable to defendant "as mortgagee, as its interest may appear." Ermentrout v. American F. Ins. Co., 60 Minn. 418, 62 N. W. 543. The year of redemption from the foreclosure sale not having expired Carlson still had an insurable interest in the property. Loy v. Home Ins. Co., 24 Minn. 315; Strong v. Manufacturers' Ins. Co., 10 Pick. 40; Cone v. Niagara F. Ins. Co., 60 N. Y. 619. Carlson, therefore, had a right to the insurance money due on the policy, which belonged to him exclusively as between the parties to this action. Therefore, if defendant collects the loss from the insurance company, it holds the sum so collected in trust for the insured. 1 Jones, Mort. §§ 409, 417; King v. State M. F. I. Co., 7 Cush. 1, 6; Graves v. Hampden F. Ins. Co., 10 Allen, 281; Buffalo S. E. Works v. Sun M. Ins. Co., 17 N. Y. 401, 407; Waring v. Loder, 53 N. Y. 581, 585; Norwich F. Ins. Co. v. Boomer, 52 Ill. 442; Billings v. German Ins. Co., 34 Neb. 502, 508, 52 N. W. 397; Callahan v. Linthicum, 43 Md. 97, 103; Hammel v. Queen Ins. Co., 50 Wis. 240, 244, 6 N. W. 805; Chamberlain v. New Hampshire F. Ins. Co., 55 N. H. 249, 262.

*C. S. Jelley* and *Stephen H. Somsen*, for respondent.

The purchaser at a foreclosure sale has, during the year for redemption, the rights of the mortgagee before foreclosure. Donnelly v. Simonton, 7 Minn. 110 (167); Daniels v. Smith, 4 Minn. 117 (172); Horton v. Maffitt, 14 Minn. 216 (289); Loy v. Home Ins. Co., 24 Minn. 315; G. S. 1894, § 4502; National Bank v. Union Ins. Co., 88 Cal. 497, 26 Pac. 509.

START, C. J. This is an appeal by the plaintiff from an order sustaining a general demurrer to her complaint. The material allegations thereof are: The plaintiff's assignor, John Carlson, gave a mortgage to the defendant on a lot in Minneapolis, with a dwelling house thereon, to secure a debt of $6,000, and, at his own expense, procured and delivered to the defendant a policy of fire insurance on the dwelling house. The policy was issued in the name of the mortgagor, but the loss, if any, was payable by the terms of the policy to the defendant, as mortgagee, as its interest might appear. The

mortgage was afterwards foreclosed, and the defendant purchased the lot at the foreclosure sale for the full amount of the mortgage debt and costs. After this sale, and before the expiration of the year of redemption, the house was injured by fire to the extent of $1,865, and the mortgagor repaired the whole damage to the house by fire at his own expense, with the knowledge and consent, and at the request, of the defendant. After this loss by fire the defendant collected and received from the insurance company, on account of the policy and the loss sustained by John Carlson by reason of the fire, the sum of $1,865, which sum the insurance company paid to the defendant for the use and benefit of John Carlson. No redemption was made from the foreclosure sale, and the mortgagor assigned any and all right he had in the money so paid to the defendant to the plaintiff, who brought this action to recover the amount thereof.

The plaintiff claims that her complaint states simply a common-law action of assumpsit for money had and received, and that the allegation that the insurance company paid to the defendant the amount due under the policy for the use and benefit of the mortgagor states a cause of action; that this general allegation is not modified or controlled by the special facts alleged in the complaint, which are claimed to be simply explanatory. The complaint cannot be construed so as to eliminate all the special facts alleged, upon which the general allegation that the defendant received the money for the use and benefit of the mortgagor depends. It is a rule of pleading that where a general fact or result is pleaded, and also the special facts by which such result is reached, and they do not support the result, the special facts control, and the pleading is bad. Pinney v. Fridley, 9 Minn. 23 (34); First Nat. Bank v. St. Croix Boom Co., 41 Minn. 141, 42 N. W. 861.

Construing all of the allegations of the complaint in harmony with this rule, the question is, do they show a legal right in the defendant to the insurance money? We answer the question in the affirmative. The repair by the mortgagor of the damage to the house by fire, at the request of the plaintiff, is not connected with the payment of the money to the defendant by any of the allegations of the complaint. If it were the agreement between the parties that in consideration of such repair the insurance money should be paid to the mortgagor, we should have a different question to deal with;

but there is no allegation of such agreement, and the law will not imply it from such request. Whether the law would imply from such request to the mortgagor to repair his own property a promise by the mortgagee to pay the reasonable value of such repairs, we need not decide or discuss, for the plaintiff's cause of action is not based upon any such supposed implied contract.

This allegation as to the request to repair may be eliminated, and we have simply the question whether the defendant, as mortgagee, after the foreclosure of its mortgage, and the sale of the premises in payment of its debt and costs, was entitled to the insurance money paid to it by the insurance company on account of injury by fire to the house on the mortgaged premises after the sale, and before the expiration of the time for redemption.

It must be conceded, as claimed by the plaintiff, that if a third party had purchased the lot at the foreclosure sale for a sum equal to the defendant's debt and costs, and there had been no assignment of the interest of the defendant in the policy to the purchaser, the money paid on the policy to the defendant would belong to the mortgagor, because the defendant in such case would have no interest in the property destroyed. Ermentrout v. American F. I. Co., 60 Minn. 418, 62 N. W. 543. If the mortgagee is the purchaser at the foreclosure sale, his debt, as between him and the mortgagor, is paid; but it is not true that either his mortgage, as a muniment of title, or his interest in the mortgaged premises, is discharged or extinguished. Where the mortgagee is the purchaser at the foreclosure sale, he simply receives a conditional conveyance of the premises for the payment of his debt, and continues to have a lien on the premises for the amount of the purchase price, which was applied in payment of his debt. His interest in the premises is practically the same after the sale as before, except the purchase price must be repaid to him by the mortgagor, with interest, within the year, or his title under his mortgage becomes absolute. Until the time to redeem expires, he has a lien on the premises, and holds them for the security of his bid. Donnelly v. Simonton, 7 Minn. 110 (167); Horton v. Maffitt, 14 Minn. 216 (289).

The plaintiff, relying upon some general statements in former decisions of this court to the effect that, where the mortgagee is the purchaser at the foreclosure sale, he stands in the precise condition

of a third party purchasing at such sale, and that his debt and mortgage are extinguished to the extent of his bid, claims that the defendant in this case, when it bid in the premises for the full amount of its debt, ceased to be a mortgagee, and had no longer any rights as such in the insurance policy.

The statements referred to are correct, in the connection in which they were used; but they afford no support for the proposition of the plaintiff that, by the purchase of the premises at the foreclosure sale, the defendant ceased to have any further interest in the insurance policy, because the defendant technically had ceased to be a mortgagee. The defendant after the foreclosure had the same interest in the dwelling house insured as before, and it still held the insurance policy, which insured, not its debt, but its interest in the house mortgaged. It is wholly immaterial whether the defendant, after the foreclosure, was technically a purchaser, and not a mortgagee, and that its lien and claim on and to the house secured its bid, and not its debt; for it continued to have an insurable interest in the house, by virtue of its mortgage, precisely as it had before the foreclosure. It was this interest that was insured by the policy payable in case of loss to the defendant as its interest might appear, and, a loss having occurred while the policy was in force and the interest still in existence, the insurance money was rightly paid to the defendant, subject to the equity of the mortgagor to have the amount thereof applied pro tanto in redemption of the premises.

Order affirmed.