CARL A. JOHANSON v. PIONEER FUEL COMPANY and Another.

June 2, 1898.

Nos. 10,998—(41).

**Liability of Master—Tort of Servant.**
    In order to hold the master liable for the act of a servant in causing an injury to a third person, it must pertain to the duties which the servant was employed to perform.

**Same—Course of Employment—Delivery of Coal.**
    P. F. C., a corporation, owned a coal dock in the city of Duluth, where it stored, cared for, and handled coal, which, in the course of its business, it sold and weighed to its customers. It employed M. to attend to this business, and he sold one ton of said coal to the plaintiff, who took part

thereof away at two different times. When he returned for the balance, M. charged plaintiff with having procured larger sacks than he formerly used, and that he was wrongfully attempting to procure more coal than he was entitled to, which plaintiff denied, whereupon M. became enraged, and assaulted the plaintiff, and greatly injured him. *Held*, that this assault was an independent tort, and not done in the course of his employment, and for which the defendant was not liable.

Appeals by plaintiff from an order of the district court for St. Louis county, Moer, J., sustaining the demurrer of defendant Pioneer Fuel Company to the complaint, and from a judgment in favor of said defendant. Affirmed.

*John Jenswold, Jr.,* for appellant.

*E. L. McMillan,* for respondent.

BUCK, J.

The defendant Pioneer Fuel Company owned a coal dock within the city of Duluth, whereon it stored, cared for, and handled its coal, and from which, in the course of its business, it sold, weighed out, and delivered the same to its customers; and, in carrying on such business, it employed the co-defendant, McKee, who had sole charge and management thereof. On or about November 26, 1895, plaintiff purchased from and paid the defendant company for one ton of coal upon said dock, which it agreed to weigh and deliver to him from said dock, and agreed that said co-defendant, McKee, its servant, should attend to the matter on its behalf. In accordance therewith, the plaintiff proceeded to said dock with certain sacks and a wheelbarrow, for the purpose of having the said coal weighed out and delivered to him; and accordingly, and while upon said dock, so requested of McKee. Thereupon McKee filled the said sacks, and ascertained the weight thereof to be 620 pounds, which the plaintiff took away, and returned with the same empty sacks for more coal. Said sacks were again filled, but McKee refused to weigh the same, and compelled the plaintiff to receive their contents as of the same weight as before, whereupon the plaintiff took the coal away, and again returned with the same sacks to be again filled with coal, and so requested of McKee.

Thereupon McKee charged the plaintiff with having procured larger sacks than formerly, which the plaintiff denied, whereupon

McKee became abusive and enraged, and charged plaintiff with wrongfully attempting to procure more coal than that to which he was entitled; and he thereupon, and without any request to plaintiff to depart or cease his removal of said coal, did wilfully and unlawfully, and with force and arms, seize, assault, beat, and strike, and otherwise maltreat this plaintiff, and inflicted grievous bodily harm and injuries upon his person. As a result of the said injuries so received, the plaintiff was made sick and sore, and necessarily had to be, and was thereupon, confined to his house for a long time, during which period he suffered continued and severe bodily and mental pain and agony. That as a further result thereof, he has ever since said time been unable to work, or to follow his usual vocation, but lost his entire time.

These are substantially the allegations in the plaintiff's complaint; he also therein alleging that he was damaged in the sum of $6,500, for which he demands judgment. The defendant Pioneer Fuel Company interposed a demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action against it, which was sustained, and plaintiff appeals.

Was McKee, when he made the assault upon plaintiff, acting in the line of his master's business and within the scope of his employment? Cases occasionally, perhaps frequently, arise where it is difficult to determine whether the act so done was properly chargeable to the master or was purely that of the servant. McKee had been acting for his master when he filled plaintiff's sacks with coal, and ascertained the weight thereof to be 620 pounds, and when he compelled plaintiff to take the sacks away, as being of the same weight as the former sacks of coal. But, when plaintiff returned the third time, he did not attempt to take any more coal, either by force or otherwise; and there was no danger of its being taken, or in any manner interfered with, by plaintiff. Nor was McKee attempting to compel plaintiff to take any or a less amount than he had bargained for.

The altercation arose as to the alleged act of plaintiff, whereby McKee charged him with having procured larger sacks than those which he had previously used. The refusal to furnish more coal in the sacks which plaintiff brought on his last trip might possibly

be considered an act in furtherance of the master's interest, because he probably thought plaintiff was attempting a dishonest act to the master's disadvantage. That refusal evidently ended the business relations between them. Then arose the question of honesty and veracity,—not as between plaintiff and the fuel company, but as between plaintiff and McKee; and the assault was not intended by the latter to aid his master's business, nor could it in any manner have that effect. It was purely a personal matter between plaintiff and McKee, and it was this quarrel which led to the assault,—an act done outside of the scope of McKee's employment. Suppose that, on a day subsequent, these parties had met at some other place, and the same charges had been made by McKee, and denied by plaintiff, and this altercation had resulted in a similar assault upon plaintiff by McKee; could it be reasonably said that the latter was then acting in the line of his master's business, or in the scope of his employment? And, if not, then the master would not be liable.

The time and place of the transaction in this case do not constitute the test of the master's liability. In order to hold the master liable, the act causing the injury must pertain to the duties which the servant was employed to perform. When the relation of master and servant ceases, all liability for the act of the persons employed ceases also. Wood, Mast. & Serv. 538. And the test of liability of the master depends upon the question whether the injury was committed by the authority of the master, expressly conferred or fairly implied from the nature of the employment and the duties incident to it. Id. 535. We hold that the assault by McKee upon plaintiff was an independent tort, for which the Pioneer Fuel Company was in no way liable, that the bald statement in the complaint that it was done by the servant while in the course of his employment is not, taken in connection with the other facts stated in the complaint, sufficient to charge the master. Campbell v. Northern Pac. R. Co., 51 Minn. 488, 53 N. W. 768.

Judgment affirmed.