M. J. FORAN v. SAMUEL I. LEVIN.

May 5, 1899.

Nos. 11,531—(92).

**Assault and Battery—Master and Servant—Complaint Good upon Demurrer.**

> A complaint states a cause of action which, in effect, alleges that the defendant did maliciously assault the plaintiff, in this: That he did, by the hand of his servant, and within the scope of the servant's employment, strike the plaintiff, and incite a vicious dog to bite him, which, urged thereto by the defendant and his servants, acting within the scope of their employment, did bite him.

Appeal by defendant from an order of the district court for St. Louis county, Ensign, J., overruling a demurrer to the complaint. Affirmed.

*Mahon & Agatin,* for appellant.

*Charles F. Hopkins,* for respondent.

START, C. J.

This is an appeal from an order of the district court for the county of St. Louis overruling the defendant's general demurrer to the complaint.

The complaint alleges that, at a time and place stated, the defend-

ant maliciously and unlawfully assaulted the plaintiff, in this: The defendant did, by the hand of his servant and within the scope of the servant's employment, strike the plaintiff with a beer glass, and did, by the hand of his servant and within the scope of the servant's employment, beat the plaintiff with a broom, and did incite a vicious dog, the property of the defendant, to bite the plaintiff, and urged thereto by the defendant and his servants, acting within the scope of their employment, the dog did bite and wound the plaintiff.

The complaint cannot be construed as charging that the defendant himself assaulted the plaintiff, but it does directly charge that the defendant did the acts alleged by—that is, through—the agency of his servants, acting within the scope of their employment. The contention of the defendant is that this allegation is a mere conclusion of law, and he relies upon the case of Campbell v. Northern Pac. R. Co., 51 Minn. 488, 53 N. W. 768, in support of his claim.

The case cited is not in point, for in that case there was no allegation, as in this case, that the defendant, by his servant acting within the scope of his employment, assaulted the plaintiff. On the contrary, the complaint alleged that a physician employed by the defendants beat the plaintiff, another servant, while both were in the performance of their several duties at a hospital, caring for the injured brought in from a railroad accident, and that his acts, done while in the performance of his duties as a physician, were the acts of his principals, and that he was then and there a vice principal. It also alleged certain defamatory language used by the physician in the course of his employment of and concerning the plaintiff.

As was substantially said by this court in its decision sustaining the demurrer, there is nothing in the complaint in the case cited to warrant the conclusion that the defamatory language of the physician was the act of his superiors, nor can the alleged assault be considered in any other light than an independent tort, which it presumptively was, and the bald statement that it was done while in the course of his employment is hardly sufficient to charge the master. It is apparent from the opinion in the case cited that the complaint stated special facts, such as the nature of the servant's

employment and duties, and that the court correctly held that the special facts did not support the result pleaded; that is, that the assault was committed while the servant was in the performance of his duty as a physician, but, on the contrary, that from the special facts pleaded his act was presumptively an independent tort. See Carlson v. Presbyterian Board, 67 Minn. 436, 70 N. W. 3.

The complaint in the case at bar directly charges that the defendant, by the agency of his servants acting within the scope of his employment, and by certain specified instrumentalities, committed an assault upon the plaintiff. This is not a mere conclusion of law, but it is the allegation of an issuable ultimate fact, as much so as an allegation of ownership of property or of the delivery of an instrument. It belongs to that class of allegations of mixed fact and law, which are permissible in pleading to prevent intolerable prolixity. The complaint is sufficient, as against a general demurrer.

Order affirmed.