**STATE of Minnesota, Petitioner, Appellant,**

v.

**John Ignatius ZACHER, Respondent.**

**No. CO–92–117.**

Supreme Court of Minnesota.

Aug. 20, 1993.

Margaret H. Chutich, Sp. Asst. Atty. Gen., Hubert H. Humphrey, III, Atty. Gen., St. Paul, for appellant.

Gregory K. Larson, Little Falls, for respondent.

Thomas H. Boyd, St. Paul, Minnesota Bankers Assoc., John S. Jackson, Michael P. Carlson, Minneapolis, for amicus curiae Mortg. Bankers Assoc. of Mn.

WAHL, Justice.

Respondent John I. Zacher was convicted of defeating a security interest in real property in violation of Minn.Stat. § 609.-615 (1992), received a stay of imposition of sentence, and was placed on probation not to exceed 5 years. The court of appeals reversed the conviction, holding that a mortgagor's conduct in removing fixtures after the foreclosure sale is not within the crime of defeating a security in real property because the mortgage, following foreclosure, no longer exists as a security interest. We reverse the decision of the court of appeals and reinstate the conviction.

The Staples State Bank ("the bank") made a loan to Zacher for $50,000 on May 19, 1987, secured by a mortgage on the North Fourth Office Building which Zacher owned. The appraisal of the building on which the bank based the loan included improvements Zacher intended to make with $20,000 of the proceeds: a new furnace and air conditioning system, doors, windows, paving blocks, and light fixtures. The mortgage secured repayment of the debt with interest and specified that the secured property included all existing or later added improvements and fixtures.

The mortgage was foreclosed by advertisement and at the mortgage foreclosure sale on March 13, 1990, the bank purchased the property for the full amount of the mortgage, plus back taxes of $52,491.65, subject to Zacher's statutory right of redemption at any time within 6 months. *See* Minn.Stat. § 580.23, subd. 1 (1992). On September 12, 1990, one day before the redemption period was to expire and Zacher was to lose possession of the office building, he removed the furnace, air conditioner, lighting fixtures, doors, and paving blocks. Zacher also cut the sewer line to the office building. The line could be accessed only through other property Zacher still owned. The items taken by Zacher were found in his storage facility during the execution of a search warrant.

Zacher was charged and convicted of defeating a security interest on real property

under Minn.Stat. § 609.615 (1992). He admitted at trial that he took the items from the office building, that he did not tell anybody at the bank that he was going to take them, that he knew the bank had a security interest in these items, and that he was "sure" removing these items would reduce the value of the property.

The trial court, in denying Zacher's motion for dismissal of judgment or acquittal based upon the extinguishment of the mortgage, held, citing *Gardner v. W.M. Prindle & Co.*, 185 Minn. 147, 240 N.W. 351 (1932), that until the foreclosure is complete, upon expiration of the redemption period, the mortgage continues as a lien or security interest. The court of appeals reversed Zacher's conviction in a 2–1 decision, holding that the security interest evidenced by the mortgage expires when the mortgagee at the foreclosure sale receives payment fully extinguishing the debt. *State v. Zacher*, 490 N.W.2d 149 (Minn.App.1992). We accepted review.

The question before us is whether, when a mortgagee purchases the mortgaged property at a foreclosure sale for the full amount of the debt, the property continues to be subject to the mortgage for purposes of Minn.Stat. § 609.615 until the redemption period expires.[1] This question of statutory interpretation is a question of law for our de novo review. *Sorenson v. St. Paul Ramsey Medical Center*, 457 N.W.2d 188, 190 (Minn.1990). We undertake that review cognizant that the object of all interpretation and construction of laws is "to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (1992).

Prior to the enactment of the Criminal Code of 1963, Minn.Stat. § 621.20 (1961) (repealed 1963), the forerunner of section 609.615, made the removal of property from mortgaged land a criminal offense. In language virtually unchanged since 1869,[2] the 1961 statute provided that any

person who removed "any building, fixture, or fence * * * upon any real estate on which a mortgage or mechanic's lien exists, either before or after the foreclosure of such mortgage or lien, * * * with intent to impair or lessen the value of such mortgage or lien * * * " would be punished by six months in jail or a fine of not more than $500 or both. Minn.Stat. § 621.20 (1961). In its 1963 revision of the Criminal Code, the legislature made the mortgage statute more concise; added protection for properties on which contracts for deed existed; ·expanded its scope to cover damage to real property, not just removal of a building, fixture, or fence; and made the offense a 5 year felony if the value of the property is impaired by more than $100. Act of May 17, 1963, ch. 753, art. 1, § 609.615, 1963 Minn.Laws 1185, 1224. The precise language of section 609.615 now reads, in relevant part:

> Whoever removes or damages real property which is subject to a mortgage, mechanic's lien, or contract for deed, with intent to impair the value of the security without the consent of the security holder, may be sentenced as follows: * * *
>
> (2) If the value of the property is impaired by more than $300, to imprisonment for not more than five years or to payment of a fine of not more than $10,-000 or both.

Minn.Stat. § 609.615 (1990).

Zacher argues that his conduct does not fall under the proscription of section 609.-615 because after the mortgagee bid the full amount due at the mortgage foreclosure sale, the mortgage was discharged, even as security for a debt, leaving the property no longer "subject to a mortgage." Zacher further argues that the court of appeals properly reversed his conviction because Minn.Stat. § 609.615 is a criminal statute and must be strictly con-

---

1. The issue is of considerable interest, not only to the state, but to the banking industry in Minnesota. The Minnesota Banking Association and the Mortgage Bankers Association of Minnesota were granted permission to file, and did file, amicus curiae briefs. Respondent also alleges prosecutorial misconduct but that issue is not an issue in this case and is without merit.

2. *See* Act of March 4, 1869, ch. 64, § 1, 1869 Minn.Laws 78.

strued. He contends that when the legislature replaced the words "real estate on which a mortgage * * * exists, either before or after the foreclosure of such mortgage * * *" with the words "real property * * * subject to a mortgage," it created a doubt as to whether the statute applied to conduct after the foreclosure sale which must be resolved in favor of the defendant.

The state argues that the plain language of the statute and public policy considerations dictate that section 609.615 be construed to cover malicious damage to real property which occurs before the redemption period expires on foreclosed property. Quoting the language of our decision in *Carlson v. Presbyterian Bd. of Relief,* 67 Minn. 436, 439, 70 N.W. 3, 4 (1897), the state correctly asserts that when the mortgagee is the purchaser at a foreclosure sale, neither his mortgage as a muniment of title nor his interest in the mortgaged premises is discharged or extinguished; and that he has a lien on the premises and holds them for the security of his bid until the time to redeem expires.

Amici Mortgage Bankers Association and Minnesota Bankers Association advise us that the court of appeals' decision will have a direct and adverse impact on the availability of credit for marginal borrowers by creating uncertainty for lenders. Section 609.615 offers essential protection against waste and destruction of mortgaged property by judgment proof mortgagors, they say, and without that protection, mortgagees will be forced to invoke more cumbersome and less effective methods, such as foreclosure by action, receiverships, or injunctive relief, to secure repayment of the debt.

When the legislature enacted section 609.615 in 1963, the law was well established with regard to whether property, mortgaged to secure payment of a debt, remains subject to a mortgage during the statutory redemption period after the debt has been fully paid by the mortgagee at the foreclosure sale. The rights and obligations of both mortgagee and mortgagor during the redemption period were delineated by statute and case law. "The title

of the mortgagor does not pass by the foreclosure till his right of redemption expires." *Buchanan v. Reid,* 43 Minn. 172, 175, 45 N.W. 11, 12 (1890). The mortgagee purchaser has the "right to have the title vest by lapse of time if not prevented by redemption." *Id.* The mortgagor, in addition to the statutory right of redemption, retains the right of ownership including the right of possession and the right to rents and profits during the redemption period. *Woodmen of the World Life Ins. Soc. v. Sears, Roebuck & Co.,* 294 Minn. 126, 131, 200 N.W.2d 181, 184 (1972); *Pioneer Savings & Loan Co. v. Farnham,* 50 Minn. 315, 318, 52 N.W. 897, 897 (1892).

In *Buchanan,* we said that "[t]he lien of the mortgage is not extinguished until it merges in the legal estate when that passes by lapse of time." 43 Minn. at 175, 45 N.W. at 12. To be sure, the remedy upon the mortgage as a security is exhausted by the foreclosure. *Pioneer Savings & Loan,* 50 Minn. at 318, 52 N.W. at 897. If the mortgagee is the purchaser at the foreclosure sale, however, and if the debt owed him by the mortgagor is paid,

> it is not true that either his mortgage, as a muniment of title, or his interest in the mortgaged premises, is discharged or extinguished. Where the mortgagee is the purchaser at the foreclosure sale, he simply receives a conditional conveyance of the premises for the payment of his debt, and continues to have a lien on the premises for the amount of the purchase price, which was applied in payment of his debt. His interest in the premises is practically the same after the sale as before, except the purchase price must be repaid to him by the mortgagor, with interest, within the year, or his title under his mortgage becomes absolute. Until the time to redeem expires, he has a lien on the premises, and holds them for the security of his bid.

*Carlson,* 67 Minn. at 439, 70 N.W. at 4 (citations omitted). In *Carlson,* we held that the mortgagee purchaser was entitled to insurance proceeds paid as a result of damages to the secured property when the damages occurred after foreclosure but be-

fore expiration of the redemption period. There we said,

It is wholly immaterial whether the defendant, after the foreclosure, was technically a purchaser, and not a mortgagee, and that its lien and claim on and to the house secured its bid, and not its debt; for *it continued to have an insurable interest in the house, by virtue of its mortgage, precisely as it had before the foreclosure.*

*Id.* at 440, 70 N.W. at 4 (emphasis added).

*Gardner v. W.M. Prindle & Co.*, 185 Minn. 147, 240 N.W. 351 (1932), on which respondent and the court of appeals rely, does not change the law with regard to the continuing effect of a mortgage on the secured property between the foreclosure sale and the expiration of the redemption period. Rather, it protects the mortgagor's absolute statutory right to possession of the mortgaged property during that period of time, including the right to rents and profits.[3] *Gardner* recognizes, in dicta, that the mortgagee who purchases the secured property at the foreclosure sale "still has the right to have the value of his security protected from impairment by the mortgagor's violation either of the covenants of the mortgage [4] or the equities of the mortgagee. No statute has deprived him of that, and equity will protect it." [5] *Id.* at 149, 240 N.W. at 352 (footnotes added).

■ Clearly, the cases establish that a mortgage continues to exist and have vitality in protecting a security interest in the property after the foreclosure sale although the mortgage debt itself is extinguished. There is nothing in the language of the 1963 statute or in the Advisory Committee Comment, Minn.Stat.Ann. § 609.615 (West 1987), to indicate that the legislature arbitrarily intended to narrow the scope of a law that had been in effect for over eight decades. Rather, in the context of a revision that considerably expanded the reach of the statute, the legislature justifiably believed, on the basis of existing law, that the "subject to a mortgage" language of section 609.615 would cover real property after a foreclosure sale because a security interest still existed.

The state and amici express a policy concern that unless the protection provided under section 609.615 includes the redemption period when mortgagors are most likely to inflict damage to foreclosed property, mortgagors who are judgment proof, as is Zacher, would have no incentive to refrain from destruction of that property. While it is true that, as Mortgage Bankers Association of Minnesota suggests, mortgagees can ask the court for a receiver in order to protect and preserve the secured property during the redemption period, receiverships are seldom granted and when, as here, there was little to indicate that the mortgagor would harm the secured property, it is unlikely that a mortgagee would be granted the "extraordinary" remedy of receivership. Moreover, other provisions of the criminal code, such as theft, Minn.Stat. § 609.52, subd. 2 (1990), or criminal damage to property, Minn.Stat. § 609.595 (1990), provide no criminal recourse since during the redemption period a mortgagor has exclusive right to possession of and

---

3. The state notes that the common law rule of *Gardner,* i.e., that the right of a mortgagee under the mortgage to collect rents ceases with the foreclosure sale, has been abrogated by statute. *See* Minn.Stat. § 559.17 (1992) (specifically providing that an assignment of rents can be enforced after a foreclosure in some circumstances.)

4. *See Wood v. Pacific Surety Co.,* 116 Minn. 474, 477–78, 134 N.W. 127, 128–29 (1912) ("Clearly the sale did not release the covenants in the mortgage"). *See also Kooda Bros. Const. v. United Federal Savings,* 400 N.W.2d 407, 409 (Minn.App.1987) (citing *Wood* for the same proposition).

5. In 1972, nine years after the enactment of section 609.615, this court in *Woodmen,* while holding that an assignment of rents executed contemporaneously with a real estate mortgage did not survive the foreclosure sale at which the mortgagee was the purchaser, reaffirmed that a mortgagee purchaser at the foreclosure sale "may be granted the extraordinary remedy of a receivership sequestering rents and profits *only to prevent waste or otherwise to protect and preserve the mortgage security."* 294 Minn. at 131, 200 N.W.2d at 184 (citing *Marshall & Ilsley Bank v. Cady,* 76 Minn. 112, 78 N.W. 978 (1899)) (emphasis added).

title to the property. *See Cross Companies, Inc. v. Citizens Mortg. Inv. Trust,* 305 Minn. 111, 117–18, 232 N.W.2d 114, 118 (1975); *Buchanan,* 43 Minn. at 175, 45 N.W. at 12 (title to property purchased at a foreclosure sale vests when the redemption period expires).

We are mindful of Zacher's argument that, as a criminal statute, section 609.615 must be strictly construed. *State v. Serstock,* 402 N.W.2d 514, 516 (Minn. 1987). Strict construction, however, does not require us to assign the narrowest possible interpretation to the statute. *See State v. Ford,* 397 N.W.2d 875, 879–80 (Minn.1986). Nor are we required to adopt a construction which would render the statute meaningless. We hold, therefore, that when a mortgagee purchases the mortgaged property at a foreclosure sale for the full amount of the debt, the property continues to be subject to the mortgage for the purposes of Minn.Stat. § 609.615 until the redemption period expires.

In the case before us, Zacher was properly charged and convicted of intentionally impairing the value of secured property under Minn.Stat. § 609.615 (1990). Zacher testified that during the redemption period, he intentionally removed the furnace and air conditioning system, doors, light fixtures and paving blocks from the North Fourth Office building with the knowledge that, by doing so, he would impair the value of the property. Because, as we hold, the secured property continued to be subject to the mortgage during the redemption period for the purposes of section 609.-615, Zacher's conduct violated the statute. We reverse the decision of the court of appeals and reinstate the conviction.

Reversed, conviction reinstated.