STATE of Minnesota, Respondent,

v.

Duane Lowell PARSLEY, Appellant.

No. C3–93–2194.

Court of Appeals of Minnesota.

Aug. 30, 1994.

Review Granted Oct. 27, 1994.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Asst. Atty. Gen., St. Paul, Daniel L. Geller, Red Lake County Atty., Red Lake Falls, for respondent.

John M. Stuart, State Public Defender, Evan W. Jones, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by HARTEN, P.J., and SCHUMACHER and SHORT, JJ.

## OPINION

SCHUMACHER, Judge.

This appeal is from a judgment of conviction and sentence for first degree manslaughter. Minn.Stat. § 609.20(2) (1992) (manslaughter while committing or attempting to commit a misdemeanor). We reverse, reduce the conviction to second degree manslaughter, and remand for resentencing.

## FACTS

Steven Klasen died on January 10, 1993, of a single gunshot wound to his heart and lung area. The shot was fired during a party at appellant Duane Lowell Parsley's house in Oklee. Eyewitnesses testified that Parsley fired the shot. Parsley admitted to police that he was holding the gun when it fired.

The eyewitnesses testified that Parsley had been displaying a gun, a .22 caliber pistol, throughout the evening, and that at times the gun had been loaded. They testified that the victim, Klasen, was sitting on the sofa in the living room, while Parsley was standing several feet away in the doorway between the living room and kitchen. No one saw any other guns at the party. The eyewitnesses testified that Parsley was immediately distraught after the shooting, tried to comfort his friend, and began crying when emergency medical personnel reported that Klasen had no pulse.

Two of the eyewitnesses gave testimony indicating the shooting could have been intentional. The prosecutor in closing argument, however, described the shooting as a tragic accident. The only offense submitted to the jury was first degree misdemeanor manslaughter. The jury was instructed that it could consider as the underlying misdemeanor the offense of misuse of a dangerous weapon.

The jury found Parsley guilty of first degree manslaughter, as charged. The court sentenced him to the presumptive term of 86 months.

## ISSUE

Is the evidence sufficient to support a conviction for first degree misdemeanor manslaughter?

## ANALYSIS

In reviewing the sufficiency of the evidence, this court must view the evidence in the light most favorable to the verdict and assume the jury believed the state's witnesses and disbelieved any contrary evidence. *State v. Steinbuch*, 514 N.W.2d 793, 799 (Minn.1994). Parsley, however, is not challenging the jury's resolution of any factual issues. He is challenging the legal application of the misdemeanor manslaughter statute to the facts of the shooting, which were

largely undisputed. A question of statutory interpretation is a question of law subject to de novo review. *State v. Zacher*, 504 N.W.2d 468, 470 (Minn.1993).

The misdemeanor manslaughter statute provides:

> Whoever does any of the following is guilty of manslaughter in the first degree * * *:
>
> * * * * * *
>
> (2) causes the death of another in committing or attempting to commit a misdemeanor or gross misdemeanor offense *with such force and violence that death of or great bodily harm to any person was reasonably foreseeable,* and murder in the first or second degree was not committed thereby.

Minn.Stat. § 609.20(2) (1992) (emphasis added). The indictment charged Parsley with causing Klasen's death while committing the following misdemeanor:

> Whoever does any of the following is guilty of a crime * * *:
>
> (1) recklessly handles or uses a gun or other dangerous weapon or explosive so as to endanger the safety of another; or
>
> (2) intentionally points a gun of any kind, capable of injuring or killing a human being and whether loaded or unloaded, at or toward another;

Minn.Stat. § 609.66, subd. 1(a)(1), (2) (1992).

■ Misdemeanor manslaughter is an offense, like felony murder, that requires a predicate offense as an element of the greater offense. *See* 2 Wayne R. LaFave and Austin W. Scott, *Substantive Criminal Law* § 7.13(a) at 288 (1986). A predicate misdemeanor or gross misdemeanor, to support a conviction for first degree manslaughter, must be committed "with such force and violence that death of or great bodily harm * * * was reasonably foreseeable." Minn. Stat. § 609.20(2). This limitation on the predicate offense is intended to restrict the type of offense that may lead to criminal liability for manslaughter. *See* LaFave and Scott, *Substantive Criminal Law* § 7.13(e) at 298 (noting some states have limited misdemeanor manslaughter to violations of statutes designed to protect against death or

serious personal injury); *cf. State v. Branson*, 487 N.W.2d 880, 882 (Minn.1992) (noting how felony murder doctrine came to be limited to felonies inherently dangerous to life). Parsley argues that the offense of misusing a dangerous weapon cannot be committed with "force and violence," and, therefore, he should not have been convicted of misdemeanor manslaughter. We agree.

■ As Parsley argues, one cannot "recklessly handle" a gun or "intentionally point" a gun with "force and violence." Minn.Stat. §§ 609.66, subd. 1(a)(1), (2), 609.20(2) (respectively). It is only when the result of the misdemeanor conduct is considered that the element of "force and violence" can be satisfied. But by definition a manslaughter must result in death, and therefore any misdemeanor conduct which causes death could be deemed violent. This analysis would eliminate any limitation on the predicate misdemeanor.

■ The state argues that the act of pointing a gun at a person is "inherently forceful and violent" because of the deadly nature of the weapon. But a gun is not deadly unless fired. A further act is required beyond the predicate misdemeanor offense of mishandling a dangerous weapon to make the conduct forceful or violent. The state, however, cannot rely on this further act because the statute unambiguously requires that the predicate offense itself must be committed with "force and violence." Minn.Stat. § 609.20(2). Even if the statute were ambiguous, it would have to be strictly construed in favor of the defendant. *See, e.g., State v. Soto*, 378 N.W.2d 625, 628 (Minn.1985) (penal statutes must be construed strictly).

We agree with the state that the mishandling of a dangerous weapon is an act inherently dangerous to life. The legislature could have made any misdemeanor inherently dangerous to human life the predicate for a misdemeanor manslaughter conviction. *See generally State v. Olmscheid*, 492 N.W.2d 263, 266 (Minn.App.1992) (defining criminal offense is within province of legislature). The legislature, however, has not chosen that definition of the offense.

A claim of accidental discharge may establish a defense to a charge of intentional homicide. *See generally State v. Boitnott,* 443 N.W.2d 527, 533 (Minn.1989). Parsley, however, was not charged with an offense requiring an intent to discharge the weapon, nor did he request an accident instruction. *Cf. id.* (no error in failing to give accident instruction where court adequately explained that defendant charged with first degree felony murder and intentional murder had to have acted with intent to cause death).

Because the mere display of a weapon may be considered culpable negligence in some circumstances, a defendant may be convicted of second degree manslaughter even if the gun accidentally discharges. *See State v. Frost,* 342 N.W.2d 317, 323 (Minn.1983) (arming self with gun during dispute was culpable negligence even if gun discharged accidentally); *see also State v. King,* 367 N.W.2d 599, 603 (Minn.App.1985) (thrusting butcher knife in close proximity to husband's chest was culpable negligence). The jury by its verdict found that Parsley either recklessly handled the gun or intentionally pointed the gun at Klasen. *See* Minn.Stat. § 609.66, subd. 1(a)(1), (2). Parsley argued that he did not know the gun was loaded. There was overwhelming evidence, however, that he had loaded and unloaded the gun throughout the evening. Moreover, Parsley had been drinking and his blood alcohol was tested at .06 nearly one and one-half hours after the shooting. There was overwhelming evidence, and the jury implicitly found, that Parsley committed an act both grossly negligent and reckless. *See Frost,* 342 N.W.2d at 320 (explaining elements of culpable negligence manslaughter).

This court, in reversing a judgment of conviction, may reduce the conviction to "an offense of lesser degree." Minn. R.Crim.P. 28.02, subd. 12; *see also State v. Bergstrom,* 413 N.W.2d 206, 211 (Minn.App. 1987) (reducing third degree arson conviction to misdemeanor arson). We reduce Parsley's conviction to second degree culpable negligence manslaughter.

In light of this disposition, we need not address Parsley's claim that the trial court abused its discretion in refusing to depart from the presumptive sentence. We remand to the trial court for resentencing.

**DECISION**

The misdemeanor offense Parsley was charged with committing does not support his conviction for misdemeanor manslaughter. We reduce his conviction to second degree culpable negligence manslaughter and remand for resentencing.

**Reversed and remanded.**