ALPHEUS M. SMITH *vs.* COUNTY OF NOBLES.

December 13, 1887.

**Statute—Repeal by Implication.**—Laws 1873, c. 19, entitled "An act to encourage the planting and growing of timber and shade trees," was intended to supersede Laws 1871, c. 30, with the same title, and so operates to repeal it.

The plaintiff brought this action in the district court for Nobles county, to recover the bounty provided for in Laws 1871, c. 30, for the planting and growing of trees. The action was tried by *Perkins*, J., without a jury, and judgment directed for defendant, from which the plaintiff appeals.

*Daniel Rohrer*, for appellant.

*L. M. Lange*, for respondent.

GILFILLAN, C. J. In 1871 the legislature passed an act (chapter 30) entitled "An act to encourage the planting and growing of timber and shade-trees." In 1873 it passed another act (chapter 19) with precisely the same title. (Gen. St. 1878, c. 124, §§ 70–72.) Each act provided for paying a bounty for the planting and growing of trees. The second act was almost a transcript of the other,—so nearly so as to suggest that it was drawn from the other. The only difference in the substance of the two acts (and the differences in phraseology were only such as the differences in substance required) was that by the first the bounty was to be paid out of the county

treasury, and the proofs required to be filed by the claimant with the county auditor were by the latter to be laid before the county commissioners, who were to pass on their sufficiency; and by the second the bounty was to be paid out of the state treasury, and the county auditor was to make and send to the state auditor a certified list of all lands and tree-planting reported and verified to him; and the state auditor was to determine whether the provisions of the act had been complied with; and the second act contained a provision (there being no similar one in the first) that, if the aggregate of the bounties applied for in any one year should exceed the sum of $20,000, then the auditor should distribute $20,000, and no more, *pro rata* among the claimants. The second act contains no clause repealing the first. But notwithstanding that, and that repeals by implication are not favored, it is pretty clear that the second act was intended to be a substitute for and to supersede the first, and so to be a repeal of it. In each the state gave the bounty. True, in the first, it provided that the bounty for trees planted and grown in any county should be paid out of the treasury of that county; still, it was given by the state to carry out a state policy. The county officers had no discretion in the matter.

It would seem strange that the same sovereign should give two precisely similar bounties for precisely the same thing. It would be more natural to suppose that a second law, providing the same bounty for the same thing, was intended to take the place of the former law, and not to be in addition to it. Here are two acts, having the same object and purpose in view, to be accomplished by the same means, having the same title, and using almost throughout the same terms; the only change being that in the second the state treasury, instead of the county treasury, is named as the one out of which the bounty should be paid, and placing a limit to the aggregate of the bounties, and such change in the phraseology as was necessarily incident to those two changes in substance. There can be little question that the act of 1873 was intended as a revision to some extent of the state policy in the matter of encouraging the planting and growing of trees, and that as such it was to take the place of the law of 1871.

Judgment affirmed.