OWEN J. EVANS v. RHODE ISLAND HOSPITAL TRUST COMPANY.[1]

January 12, 1897.

Nos. 10,379—(259).

**Mortgage Foreclosure—Redemption.**

> Where a mortgage by its terms draws interest at the rate of 5½ per cent. per annum, and is foreclosed by advertisement, the real property thus sold may be legally redeemed by the mortgagor, his heirs, executors, administrators, or assigns, as the case may be, by paying the sum of money for which the same was sold, together with interest on the same from the time of sale at the rate of 7 per cent. per annum.

[1] Reported in 69 N. W. 715, 1069.

Appeal by plaintiff from an order of the district court for Hennepin county, Jamison, J., denying a motion for a new trial. Affirmed.

*F. B. Hart*, for appellant.

*W. J. Hahn* and *J. M. Martin*, for respondent.

BUCK, J. It was stated by counsel upon the argument of this case that the only question to be determined was the construction to be placed upon G. S. 1894, § 6041, which reads as follows:

"The mortgagor, his heirs, executors, administrators or assigns, whose real property is sold in conformity to the provisions of this act, may, within twelve months after such sale, redeem such property as hereinafter provided, by paying the sum of money for which the same was sold, together with interest on the same from the time of such sale: provided, that no redemption shall be made for real property sold in conformity to the provisions of this act, when the mortgage foreclosed contains a distinct rate of interest more than seven per cent. per annum, unless the party entitled to redeem shall pay, within the time provided, the sum for which said property was sold, together with interest thereon, from the date of sale to the time of redemption, at the rate specified in the mortgage, not to exceed ten per cent. per annum: provided, that when no rate of interest is specified in the mortgage, the rate of interest after sale shall be seven per cent. per annum on the amount for which the property was sold."

The defendant is a corporation, organized under the laws of, and located in, the state of Rhode Island. On July 1, 1889, plaintiff negotiated a loan of the defendant in the sum of $40,000, and gave his note therefor, due July 1, 1894, and secured the same by a real-estate mortgage on property in the city of Minneapolis. The note and mortgage drew interest at the rate of 5½ per cent. per annum before and after maturity, payable semiannually.

Default having occurred in the payment of one interest coupon, the defendant elected, under the terms of the mortgage, to declare the entire debt due, and foreclosed the mortgage by advertisement, and on February 17, 1893, caused said premises to be sold by the sheriff of Hennepin county, at which sale the defendant bid in the mortgaged property for the amount of its principal debt, interest, and costs, making the aggregate sum of $42,535, and a certificate of sale was executed accordingly, as required by law.

On December 30, 1893, the plaintiff sought to make redemption

from said sale by paying the sum of money for which the property was sold, with interest thereon at the rate of 5½ per cent. per annum, according to the terms of the notes and mortgage, which the defendant refused to accept, but contended that it was entitled to be paid the sum for which the property was sold with interest thereon at the rate of 7 per cent. per annum from the time of sale to the date of redemption. Nor did the plaintiff then tender to the defendant, nor to the officer who made the sale, the sum for which the property was sold, nor any interest thereon, nor furnish to either any evidence of his right to redeem, as provided by G. S. 1894, § 6042; but subsequently the plaintiff, pursuant to the demand of the defendant, paid to it the sum of $45,153.73, being the amount for which said property was sold at foreclosure sale, with interest thereon at the rate of 7 per cent. per annum.

There was also paid by plaintiff, at the same time, the sum of $67.50, cost of exchange on New York on the amount paid, as the defendant was a resident of the state of Rhode Island. The plaintiff also paid $30 insurance money, which amount had previously been paid by the defendant on the mortgaged property. Payment of these two last items we do not consider, in view of the fact that the trial court found that the entire payment was made voluntarily on the part of the plaintiff, and we think justified by the evidence, and also for the reason that counsel upon the oral argument stated that the only question to be determined was the construction to be placed upon section 6041 of the statute, which we have quoted.

The action is to recover the difference between the amount the premises were bid off for at the foreclosure sale, with interest at 7 per cent. per annum, actually paid by the plaintiff on redemption, and the amount of such bid, with interest thereon at the rate of 5½ per cent., which plaintiff claims that he should only have been compelled to pay to redeem the premises from such foreclosure sale. We leave out of this statement of what the action was brought to recover the amount of exchange and insurance for the reason above stated.

The action is, in fact, one to recover money had and received, amounting to the sum of 1½ per cent. interest per annum upon the amount bid at the foreclosure sale up to the time of the redemption by payment of the principal and 7 per cent. interest. What rate

of interest, then, should be computed on the amount bid at the foreclosure sale?

The appellant contends that the contract between the parties, viz. the mortgage contract, was not changed or modified by the foreclosure sale, based upon the proposition that the debt was not satisfied by the sale.

The general rule is, and we think now quite well settled, that upon a foreclosure sale of the property, by advertisement or action, the mortgage debt, as a personal obligation, is extinguished to the amount of the purchase money bid at the sale. If the mortgagee or a third party bid off the premises for the full amount of the debt secured and expense of sale, there is no longer an unpaid or unsatisfied existing contract upon which either further foreclosure proceedings or right of action could be had, because the debt secured as a personal obligation is paid by sale, whether the premises are actually worth more or less than the sum actually bid and paid, and is converted into a mere lien on, or defeasible estate in, the land. The mortgagor's right in the premises is not entirely extinguished by a foreclosure sale, because, until the expiration of the time for redemption, he has an equity, and may have his right in the property completely restored by redeeming upon the terms and conditions imposed by law.

When the mortgagee bids at the foreclosure sale the full amount of the secured debt and expenses, he becomes a purchaser, instead of a contract creditor, and holds the property by virtue of his bid, and upon conditions fixed by law for its redemption; and the contract rate of interest existing before the sale is merged or expires with such sale, and further interest upon the amount bid until redemption springs into life by virtue of the law fixing and defining the rate from the time of such sale. Therefore that part of G. S. 1894, § 2212, which provides that all contracts shall bear the same rate of interest after they become due as before is not applicable to the question in the case at bar. In support of the foregoing views in regard to the extinguishment of the secured debt to the amount of the purchase money bid we cite the following authorities: American B. & L. Assn. v. Waleen, 52 Minn. 23, 53 N. W. 867; Pioneer S. L. Co. v. Farnham, 50 Minn. 315, 52 N. W. 897; Jones, Mortg. (5th Ed.) § 953, and cases there cited.

Now, as the rights of the parties were measured by the terms of the statute after the foreclosure sale, we refer to section 6041 as a guide or rule of proceeding for the parties. By it the mortgagor is permitted, within 12 months after the sale, to redeem the property by paying the sum of money for which the same was sold, together with interest on the same from the time of such sale, subject, however, to the further qualifications and conditions fixed by the provisos in said section contained.

These provisos are that, when the mortgage contains a distinct rate of interest more than 7 per cent., the party redeeming must pay the rate of interest specified in the mortgage, not exceeding 10 per cent., and, when no rate of interest is specified in the mortgage, the rate of interest after sale shall be 7 per cent. per annum on the amount for which the property sold. It is quite evident that these provisos have no bearing upon the rate of interest under consideration, because the mortgage in question bore interest at the rate of $5\frac{1}{2}$ per cent. per annum, and the rate of interest to be paid upon redemption from foreclosure sale comes within the first clause of the section, viz. by simply paying "interest" on the sum for which the premises were sold. The provisos take nothing out of the body of the act, either by their language or spirit, and cannot be said to affect its terms.

While the interest to be thus paid upon redemption from foreclosure sale is not a contract interest, it is one fixed by law, payable as a condition precedent to the right of redemption, and the purchase money bid and paid for this purpose is a legal indebtedness, within the meaning of G. S. 1894, § 2212, providing that interest for any legal indebtedness shall be at the rate of $7 upon $100 for a year.

The order appealed from is therefore affirmed.

The following opinion was filed January 29, 1897.

PER CURIAM. Petition for rehearing or modification of the opinion in this case.

Giving to the appellant's counsel the benefit of his contention that he did not state, nor intend to be understood as saying or admitting, on the oral argument, that the only question to be deter-

mined was the construction to be placed upon G. S. 1894, § 6041, yet the conclusion at which we arrived ought not to be changed or modified. The payment of $30 insurance and $67.50 cost of exchange were not paid under duress, but were paid voluntarily by the plaintiff. He preferred to make these payments rather than incur the expense of going to Providence, R. I., where defendant resided, and make payment there, and also to avoid the necessity of paying a large sum to the sheriff as his fees in receiving and paying over the redemption money, if such redemption money was paid to him.

Petition denied.