STATE v. SCOTTISH–AMERICAN MORTGAGE COMPANY (LIMITED) OF EDINBURGH, SCOTLAND.[1]

May 2, 1899.

Nos. 11,590—(27).

**Taxes—Foreign Corporation Holding Mortgages—Resident Agents.**

While a nonresident owner of credits may give them a situs in this state for the purposes of taxation here, it is held on the facts, as certified up in this case, that the objector in these proceedings, a foreign corporation, having resident agents for certain purposes only, had not done so, and that its notes due from residents, secured by mortgages on real estate situated in this state, were not taxable in the taxing district in which such local agents resided.

Proceedings in the district court for Stearns county to collect delinquent personal property taxes for 1897 against defendant amounting, with penalties, to $1,089. Defendant interposed an

[1] STATE v. AMERICAN FREEHOLD LAND MORTGAGE COMPANY.

STATE v. LAND MORTGAGE INVESTMENT & AGENCY COMPANY.

May 2, 1899.

Nos. 11,589, 11,591—(25, 28).

Cases certified from the district court for Stearns county, Searle, J. The facts were identical with those in the case of the Scottish-American Mortgage Company, and the ruling of the court in all three cases was the same. Affirmed.

*J. D. Sullivan*, County Attorney, and *G. W. Stewart*, for the State.
*Reynolds & Roeser* and *M. H. Boutelle*, for defendants.

PER CURIAM.

The only question in these cases is disposed of in the case of the Scottish-American Mortgage Company. Judgment must therefore be entered in the district court for the defendant in each case. It is so ordered.

answer and objections, and the case was tried before Searle, J., who held on the facts established that defendant did not have on May 1, 1897, in said county, any property invested, loaned, or otherwise controlled by any agents or attorneys in said county, and that defendant at said time did not have any personal property, goods, chattels, or credits in said county. The court determined that judgment should be entered in favor of defendant, and certified to the supreme court a statement of the facts, which are set forth in the opinion, together with the point or question whether the facts warranted and justified the court in making such decision. Affirmed.

*J. D. Sullivan*, County Attorney, and *G. W. Stewart*, City Attorney for St. Cloud, for the State.

It must be conceded that defendant had no moneys, effects, or credits in the hands of its agents properly assessable in Stearns county, unless the credit property represented by unpaid mortgages, foreclosed mortgages, and mortgages in course of collection which had been negotiated through the St. Cloud office constituted such moneys, effects and credits; and unless such mortgages constituted property subject to taxation, the decision must be affirmed. But the rule that the situs of the tangible evidence of a debt determines its place of taxation arises out of a presumption as to legislative intent; and where the intent is otherwise expressed, the rule does not obtain. In the case of mortgages negotiated by resident agents for nonresidents, the legislature has given express sanction to the taxation of the credit property which they represent. It is within the power of the legislature to separate for purposes of taxation the situs of personal property, whether tangible or in form of a chose in action, from the domicile of the owner; and if such property in any form is within the jurisdiction, it may tax it. Tappan v. Merchants Nat. Bank, 19 Wall. 490; Common Council v. Board, 91 Mich. 78; State v. Runyon, 41 N. J. L. 99, 105; Mumford v. Sewall, 11 Ore. 67, 70; Billinghurst v. Spink, 5 S. D. 84; Firemens v. Com., 137 Mass. 80; Dundee M. T. Inv. Co. v. School Dist. No. 1, 19 Fed. 359; Swallow v. Thomas, 15 Kan. 66; Griffith v. Carter, 8 Kan. 565; Maltby v. Reading, 52 Pa. St. 140. From its inher-

ent nature, mortgage indebtedness is local to the mortgaged property; and where the latter is, there is the indebtedness. The debt property necessarily has its situs where the thing is which gives it value. Hunter v. Board, 33 Iowa, 376. The situs of the evidence of the debt is immaterial, and if the legislature has authorized a tax on the credit property, the residence of the owner and the situs of the evidence are equally immaterial. The legislature has power to sever the situs for taxation from the residence of the owner, and to determine where it shall be assessed. Lewis v. Bush, 30 Minn. 244, 247; Harvey v. Great Northern Ry. Co., 50 Minn. 405.

G. S. 1894, §§ 1508, 1510, 1511, 1515, and 1516, clearly provide for taxation of credits secured by mortgages, whether of residents or nonresidents, and for that purpose segregate the situs of the mortgage debt from the residence of its owner, and place that situs in this state. A tax on the land and on the mortgage is not invalid for double taxation. State v. Rand, 39 Minn. 502. Taxation of mortgages cannot be distinguished from taxation of bank stock, the right to tax which is unquestionable. Dundee M. T. Inv. Co. v. School Dist. No. 1, supra. Jacobson & Miller, and their predecessors, were agents of defendant within the meaning of the statute. Dundee M. T. Inv. Co. v. School Dist. No. 1, supra. Defendant was a resident for purposes of taxation. Receiving the protection of the laws of the state, it should contribute to the expenses of the protection afforded. Duer v. Small, 4 Blatch. 263, 265.

*Reynolds & Roeser* and *M. H. Boutelle*, for defendant.

The legislature has not power under the constitution of the United States to tax notes, mortgages, or other credits owned by nonresidents, unless such notes, mortgages, and credits are within the jurisdiction of the state, either in the hands of the owner or of an agent for permanent and not temporary purposes. State Tax on Foreign Held Bonds, 15 Wall. 300; Cooley, Taxn. 22; Kirtland v. Hotchkiss, 100 U. S. 491; St. Louis v. Ferry Co., 11 Wall. 423; 2 Thompson, Corp. § 1894; 25 Am. & Eng. Enc. 149. Such attempted assessment also impairs the obligation of the contract of the parties. Cooley, Const. Lim. (5th Ed.) 603. Nonresident corpora-

tions stand before the law in the same situation as nonresident individuals. G. S. 1894, § 1537, makes ample provision for taxing mortgages, and the mode there pointed out must be followed. The jurisdiction of the taxing power of a state is limited to persons, property, and business. State Tax on Foreign Held Bonds, supra; Cooley, Taxn. 21. Personal taxes cannot be levied against a non-resident or against his property, unless it has an actual situs within the state; and the situs of a credit is the domicile of its owner. Graham v. Township, 67 Mich. 652; Kirtland v. Hotchkiss, supra; State Tax on Foreign Held Bonds, supra; City v. Mississippi, 12 Iowa, 539; People v. Eastman, 25 Cal. 602; Board v. Cutter, 3 Colo. 349; Worthington v. Sebastian, 25 Oh. St. 1, 10; Grant v. Jones, 39 Oh. St. 506; Goldgart v. People, 106 Ill. 25; Gallatin v. Beattie, 3 Mont. 173; Barber v. Farr, 54 Iowa, 57; Hunter v. Board, 33 Iowa, 376; State v. County, 69 Mo. 454; Bullock v. Town, 59 Vt. 516; Latrobe v. Mayor, 19 Md. 13; State v. Earl, 1 Nev. 334; People v. Smith, 88 N. Y. 576; State v. Smith, 68 Miss. 79; Holland v. Board, 15 Mont. 460; Herron v. Keeran, 59 Ind. 472; Senour v. Ruth, 140 Ind. 318; Kingman v. Leonard, 57 Kan. 531; Boyd v. Selma, 96 Ala. 144; City of St. Paul v. Merritt, 7 Minn. 198 (258); In re Jefferson, 35 Minn. 215. Notes, mortgages, and choses in action in the hands of an agent or attorney for collection or fore-closure are not taxable at such temporary location. Herron v. Keeran, supra.

A statute like that of this state requiring persons to list for taxation moneys invested, loaned, or otherwise controlled by an agent or attorney does not warrant taxing notes and mortgages in his hands for collection. Meyers v. Seaberger, 45 Oh. St. 232; Williams v. Board, 78 N. Y. 561; Goldgart v. People, supra. A mortgage in process of foreclosure, and before sale, is simply a chose in action, and not an interest in real estate. Hill v. Edwards, 11 Minn. 5 (22); Johnson v. Lewis, 13 Minn. 337 (364). A mortgage debt after foreclosure and sale is real estate, and not taxable as personal property. Pioneer S. & L. Co. v. Farnham, 50 Minn. 315; American B. & L. Assn. v. Waleen, 52 Minn. 23; Evans v. Rhode Island H. T. Co., 67 Minn. 160. By weight of authority, the prin-ciple that mortgages and mortgage debts are taxable only at the

mortgagee's domicile is well established. A debt can' have no other situs, and the fact that it is secured on land does not affect the principle. City v. Meekin, 56 Am. Dec. 522, note; 1 Desty, Taxn. 330. See People v. Eastman, supra; Appeal v. Patterson, 50 Md. 354, 368; State v. Earl, supra; Kirtland v. Hotchkiss, supra; City v. Dunbar, 50 Ga. 387; Hamersley v. Franey, 39 Conn. 176; State v. Massaker, 25 N. J. L. 531; McCulloch v. State of Maryland, 4 Wheat. 316, 428. The sections of the General Statutes cited by plaintiff do not change the rule that choses in action are taxable only at the domicile of the owner. Such property owned by non-residents is not taxable here unless it has obtained a business situs by being placed in the hands of an agent for collection or renewal, with a view to reloaning the money and keeping it invested as a permanent business. City of St. Paul v. Merritt, supra; In re Jefferson, supra. Before a nonresident can be taxed for credits, it must be shown that the property assessed is actually at the place where it is assessed, or under the actual control of the owner's agent there. Douglas county, and not Stearns county, would be the proper place to tax defendant's credits if they had obtained a business situs in the state.

COLLINS, J.[2]

Case certified under G. S. 1894, § 1589, wherein the court below determined that an assessment and levy of taxes upon certain personalty were null and void. On the facts, the court held that the objecting party, a foreign corporation, against which the proceeding had been instituted, had no moneys, credits, or effects, and no claims or demands in the hands of its local agents on May 1, 1897; and therefore had no credits of the character covered by section 1524, subd. 22, subject to taxation in the St. Cloud taxing district, wherein the assessment was made, and, as a result, that the county authorities had no power to make the levy.

The personal property in question consisted of notes and real-estate mortgages, the latter being recorded in Stearns and adjoining counties prior to May 1, and then, with the notes they secured, forwarded to the corporation at its home office in a for-

[2] BUCK, J., did not sit.

eign land. The agents at St. Cloud, in Stearns county, received applications for loans, inspected and passed upon the securities, and then reported to the local agency at Alexandria, in Douglas county. The latter alone was in communication with the home office, there being no direct communication on any subject between the latter and the St. Cloud agency. Attorneys residing at St. Cloud examined abstracts of title. No money was kept on hand by any of the agents. When needed for loans, drafts were drawn by the agents upon funds belonging to the corporation in a bank at Montreal, province of Quebec. Interest was collected at the St. Cloud agency as it fell due, and upon maturity all notes and mortgages were sent there for collection. All moneys collected were promptly remitted by drafts to the home office. In case foreclosures became necessary, the papers were placed in the hands of St. Cloud attorneys; and, if foreclosures resulted in sales to the objector, such attorneys at once forwarded all sheriff's certificates and other papers incident to the proceedings to the home office.

And so it stands conceded by counsel who represent the taxing power that, unless the unpaid notes and mortgages, those in process of collection, and those in which foreclosure proceedings had been had (all negotiated through the St. Cloud agency), constitute credits, effects, claims, or demands, subject to taxation at the place where the St. Cloud agents resided, there was no property subject to assessment, and that the court below was right in its conclusion.

We are not wholly without authority in this state upon the questions at issue. In City of St. Paul v. Merritt, 7 Minn. 198 (258), it was held that the statute then in force (P. S. 1858, c. 9, § 1) was sufficiently broad in its terms to include credits due nonresidents, if such credits had a situs in the then territory of Minnesota; but there was no provision of law under which an assessment thereof could be made. This omission, said the court, conclusively indicates that it was not intended that this kind of property, when belonging to nonresidents, should be assessed. Later, in Re Jefferson, 35 Minn. 215, 28 N. W. 256, the present law (G. S. 1894, §§ 1508, 1515) was under consideration, it being held that not only was the section now numbered 1508 broad enough in its terms to include credits due nonresidents which had been given a situs in our state,

but, in addition, that adequate provision had been made for the assessment thereof, under a subsequent section, now known as 1515, which provides, among other things, that every resident of full age and sound mind shall list·separately from his own, and in the name of his principal,

"All moneys and other personal property invested, loaned or otherwise controlled by him as the agent or attorney, or on account of any other person or persons, company or corporation whatsoever."

Under the section which follows immediately such listing must be in the taxing district in which the agent resides.   The conclusion was that the legislature intended to have all credits to whomsoever owing listed and taxed here, whenever they could be regarded as personal property situated within this state.   The proposition stated in the opinion, that to justify the imposition of a tax by any state it must have jurisdiction over the person taxed, or over the property taxed, is self-evident, and so (the owner being a nonresident) the inquiry was whether the credits then under consideration had been given a situs in this state by reason of the acts of the creditor who had placed the same in the hands of an agent, resident here, for collection or renewal, with a view to retaining the money and keeping it invested in Minnesota as a permanent business.   The property was in this state, not for a temporary purpose, but permanently; and the agent exercised the same control and management over it as if it had been his own, except that the money was loaned in the name of a nonresident principal. No other conclusion than that the owner had given the credits an actual business situs in this state could have been reached under the facts there presented.

From these two cases it appears very clearly that, to warrant the taxation of credits owned by a nonresident, the property must have been given an actual situs within the state, and that we have no statute which, as argued by counsel for the appellant, has segregated the situs of the debt or credit from the residence of its owner, and for the purposes of taxation has placed such situs within this state.   From the findings, it appears that the local agents of this foreign corporation never had possession of, or control over,

76 M.—11

any of its funds, except for the purpose of turning the same over to the borrowers, or for transmitting to the home office. They had no authority whatsoever to reinvest. The money of the corporation was never on deposit in this state, its notes and mortgages were not retained here, but, when the latter were recorded, were promptly forwarded to the corporation. If returned at all by the latter, it was for a specified and temporary purpose, either for delivery to the makers upon payment, or for delivery to attorneys at law that they might be foreclosed. In case of foreclosure, all papers in connection with such proceedings were promptly forwarded to the home office; and, under the rulings in this court, it would seem that in no event could a mortgage debt be taxed as a credit after foreclosure. See Pioneer S. & L. Co. v. Farnham, 50 Minn. 315, 52 N. W. 897; American B. & L. Assn. v. Waleen, 52 Minn. 23, 53 N. W. 867; Evans v. Rhode Island H. T. Co., 67 Minn. 160, 69 N. W. 715, 1069.

And on the facts as to the money due to the corporation, secured by mortgages not foreclosed, it is obvious that the agents at St. Cloud had not invested or loaned the same, nor was any part thereof controlled by such agents. They did not invest it, nor did they loan, nor did they exercise any control over it. If any part of it, or if the securities, ever came into the hands of these agents, it was for a temporary purpose only; and their possession lacked all of the essentials of that permanency necessary to give to the personalty a business situs, which would take it out of the ordinary rule that the situs of intangible property like a credit is at the domicile of the owner.

The subject has frequently been discussed by the courts of last resort, and that their views are in accord with those expressed in Re Jefferson, supra, as well as what is herein stated, is evident. Goldgart v. People, 106 Ill. 25; People v. Davis, 112 Ill. 272; Williams v. Board, 78 N. Y. 561; Myers v. Seaberger, 45 Oh. St. 232, 235, 12 N. E. 796; Boyd v. Selma, 96 Ala. 144, 11 South. 393; Catlin v. Hull, 21 Vt. 152; Finch v. County, 19 Neb. 50, 26 N. W. 589. See also Herron v. Keeran, 59 Ind. 472, in which it was held that notes and accounts belonging to a nonresident, held by an attorney at law simply for collection and remittance of the money, cannot be

said to have a situs at the residence of the attorney, for the purpose of taxation.

Again, if counsel for the State are right in their contention, we should have a statute which would authorize and compel the listing of the credits of all nonresidents for taxation who had local or resident agents within our state, without regard to the actual situs of such credits, while other nonresident creditors, having no agents, would escape taxation upon like credits. Would not such a statute violate section 1, art. 9, of the constitution, which demands uniformity in taxation? Certainly the inherent inequality of such a tax law would be palpable; for the taxability of credits owned by nonresidents would be made to depend upon whether or not they had resident agents, instead of upon the actual situs of such credits. One nonresident, with an agent, would be compelled to pay taxes upon the notes and mortgages he might hold against debtors in this state, while another nonresident, without an agent, would escape taxation on exactly the same class of property.

On the facts as certified, we are of the opinion that the decision of the court below was correct, and that judgment should be entered in said court as therein determined. It is so ordered.