# STATE ex rel. WINONA MOTOR COMPANY v. MINNESOTA TAX COMMISSION.[1]

February 9, 1912.

Nos. 17,440—(12).

**Act taxing money and credits construed.**

> Chapter 285, Laws 1911, providing for the taxation of money and credits, *held* a complete revision of prior statutes upon the subject, and that it was designed by the legislature as the exclusive guide upon that subject, save as provisions of the general tax laws are therein referred to and called to the aid of the new statute, and to repeal by implication section 836, R. L. 1905, which provides for the deduction of debts from credits listed for taxation.

**Constitution.**

> The classification of money and credits for the purposes of taxation *held* not a violation of the Constitution.

Upon petition of the Winona Motor Company, this court granted a writ of certiorari to review the action of the Minnesota Tax Commission in refusing to abate petitioner's assessment of credits made pursuant to Laws 1911, c. 285. Writ discharged.

*Brown, Abbott, & Somsen,* for relator.

*Lyndon A. Smith,* Attorney General, and *William J. Stevenson,* Assistant Attorney General, for respondent.

BROWN, J.

Relator, a corporation, properly listed its "credits" for taxation under and pursuant to chapter 285, p. 397, Laws 1911, and claimed the right to have its debts deducted therefrom under the provisions of section 836, R. L. 1905. This claim was duly presented to the State Tax Commission in the form of an application for an abatement, but was not sustained by the commission. The tax was ordered levied

[1] Reported in 134 N. W. 643.

for the value of the listed credits as fixed by the assessor, and relator sued out this writ of certiorari to review the action and decision of the commission.

It is contended by relator: (1) That the commission erred, to the prejudice of relator's legal rights, in refusing to deduct its debts from the listed credits; and (2) that, if the act of 1911 be construed as repealing by implication section 836, R. L. 1905, providing for the deduction, it is unconstitutional and void.

1. Prior to the passage of chapter 285, p. 397, Laws 1911, the statute here under consideration, it had been the uniform policy of the state, whether rightfully or otherwise is not material, to allow a deduction of debts from an assessment of taxes upon credits, and section 836, R. L. 1905, so providing, has remained substantially in its present form since 1860. Since that year credits have been taxable on the basis of their net value, arrived at by a deduction of debts. The substantial question in the case is whether that policy was departed from by the act of 1911.

The attempt to tax credits has never been either successful or entirely satisfactory, and the statutes providing therefor have been of little value as revenue producers. The value of unsecured debts is at most uncertain, many being concededly wholly worthless, and attempts of the state to tax them at the rate imposed upon other classes of property have resulted in efforts to evade a proper listing and more or less laxity on the part of assessors. This situation and the generally unsatisfactory operation of prior statutes authorizing this class of taxation led the legislature to attempt an improvement, and the act under consideration was the result of its labors in that behalf. The new statute makes no reference to the deduction of debts, and contains no clause or section repealing other enactments upon the subject, and the ultimate inquiry upon this branch of the case is whether section 836, R. L. 1905, which provides for such deductions, was repealed by implication. We have given the subject careful consideration, and reach the conclusion that the question must be answered in the affirmative.

The new statute contains thirteen sections, all substantially orig-

inal, and covering the entire subject of taxing money and credits. It was evidently drawn with care, and intended as a complete revision of all prior statutes, and as a departure in point of substance and procedure from the former method of such taxation. In connection with references therein expressly made to sections and provisions of prior statutes, it presents a comprehensive workable system for the levy and collection of the tax imposed. The first section adopts the definition of "credits" as found in section 798, R. L. 1905, and provides that such credits "shall hereafter be subject to an annual tax of three mills on each dollar of the fair cash value thereof." All following sections relate to the procedure for the assessment and collection of the tax, calling to the aid of the act several sections of the Revised Laws of 1905, but making no reference, directly or indirectly, to the question of deductions provided for by section 836. The act is so complete and so fully covers the subject as to bring it within the general rule of implied repeal of all prior statutes upon the subject which are not expressly referred to and made a part of the new law. This rule applies, though the new statute contains nothing expressly repugnant to some pertinent provisions found in prior statutes.

The inquiry is: Did the legislature intend the new statute as the only rule upon the subject-matter of the legislation? Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375. If the present statute had been in the form of amendments to former statutes, the situation would be different. In such cases no inferences necessarily arise, there being no repugnancy or inconsistency between the old and the amended statute, that any change in the law was intended, except as expressly made. But here the new statute is complete in itself, and comes clearly within the rule of implied repeal. There can be no serious question but that the legislature intended a modification of the policy of the state in respect to this form of taxation. The lawmakers recognized the difficulties encountered under the old system, and, to avoid the injustice of taxing credits at the rate imposed upon other property, the new system was devised, and the tax laid and fixed at a very low rate. If there had been

117 M.—11.

any intention to continue in force the policy of allowing the deduction of debts, the rate would undoubtedly not have been changed, and the reduction thereof to a minimum is fairly indicative of a purpose, as disclosed in section 1, to tax all credits at their fair cash value, without reference to debts and obligations of the person listing the same. This complete revision of the law brings the statute fairly within our decisions holding to the rule of implied repeal. Smith v. County of Nobles, 37 Minn. 535, 35 N. W. 383; State v. St. Paul, M. & M. Ry. Co. 40 Minn. 353, 42 N. W. 21; Ellington v. Great Northern Ry. Co. 96 Minn. 176, 104 N. W. 827; Kelly v. City of Faribault, 83 Minn. 9, 85 N. W. 720; 3 Dunnell, Minn. Digest, § 8927.

Though this result leads to a departure from the long-settled policy of the state to allow the deduction of debts in taxation of this kind, that policy was at its inception of doubtful merit, in that it extended to one class of taxpayers a favor not granted to others. It permitted the taxpayer holding credits to deduct his debts from the amount of his assessment, and denied the right to any owner of other property who was also in debt. In fact, the Attorney General expressly disapproved of this policy when first adopted. Opinions Attorneys General (Edition 1858–1884) 148–150. While both courts and legislatures should hesitate before departing from a long-settled policy of the law, the cause for hesitation arises more particularly when the departure is from a policy having a sound and substantial basis, and not one of doubtful merit, or, to use the language of General Cole, in the opinion above referred to, a policy that amounts to "a palpable violation of the Constitution."

Our conclusion, therefore, upon this branch of the case, is that the act of 1911 was intended by the legislature as a new rule in respect to the taxation of money and credits, that the statute is a complete revision of prior enactments, and repeals by implication section 836.

2. The further contention that the statute as so construed is unconstitutional, because the classification violates section 1 of article 9 of the state Constitution, requires no extended discussion. We

have no doubt, under the amended Constitution, that the classification of money and credits for the purposes of taxation is within the discretion of the legislature, and that this act is a fair exercise thereof. It is not unreasonable, and the nature and character of the property suggests the propriety of a separate method for its assessment. The question is fully covered by Mutual Benefit L. I. Co. v. County of Martin, 104 Minn. 179, 116 N. W. 572. A further discussion of the question would serve no useful purpose, but result only in a repetition of what has been said before upon the same general subject, and we therefore conclude by holding the objection to the constitutionality of the statute not well taken.

Writ discharged.

PHILIP E. BROWN, J., being absent on account of illness, took no part.