IN THE MATTER OF THE PETITION OF STANDARD OIL COMPANY (INDIANA) FOR A DETERMINATION OF THE PROPER COUNTY IN WHICH TO ASSESS MONEYS AND CREDITS BELONGING TO SAID COMPANY.[1]

October 8, 1920.

No. 22,018.

**Taxation of oil company's money and credits.**

Under the facts stated in the opinion moneys and credits arising from, or pertaining to, the business of selling stations of the relator Standard Oil Company have a taxable situs at the location of such stations, where a business is localized, and not at the main station or office having jurisdiction over the local stations.

Upon the relation of the Standard Oil Company (Indiana), the supreme court granted its writ of certiorari directed to the Minnesota Tax Commission to review the action of the commission in determining the proper county in which to list for taxation certain moneys and credits of relator. Affirmed.

*Stringer & Seymour* and *C. W. Martyn,* for relator.

*Clifford L. Hilton,* Attorney General, and *Egbert S. Oakley,* Assistant Attorney General, for respondent.

DIBELL, J.

Certiorari to review the order of the Minnesota Tax Commission determining that certain moneys and credits of the Standard Oil Company, an Indiana corporation, should be taxed in Dakota county and not in Hennepin county.

The oil company maintains three main stations. One is at Minneapolis in Hennepin county, another at Duluth, and the other at Mankato. Each is under the supervision of the company's main office in Chicago.

[1]Reported in 179 N. W. 482.

Each has jurisdiction over definite localities in Minnesota wherein are numerous local selling stations. Dakota county is within the jurisdiction of the Minneapolis office. The money and credits involved arose from or pertained to the business done at the selling stations in Hastings and Farmington in Dakota county and the tax commission held them taxable there.

At these places the company has storage tanks and warehouses where its products are kept. Sales are made there for cash, or on credit when authorized by the Minneapolis office. Daily reports are made of cash and credit sales and remittances are made semiweekly. Statements for credit sales are sent each month from Minneapolis with the request that remittance be made to the Minneapolis office. Payment is accepted at the local station if tendered. The local agent assists if there is trouble in making a collection. The books are kept at Minneapolis. The local agent has, in the carbon copies of his reports, a record of credit sales. He keeps no books relative thereto. The rule is that an agent of the company, selling on credit without authority, must personally respond in case of nonpayment. The company's practice is not to exact payment unless the conduct of the agent is flagrant. The agent is paid on a commission basis by a check sent from Minneapolis. The company keeps no bank account at the local station. The agent employs at his own expense such help as he has. Each officer is given a petty cash account of $25 out of which payment of small bills in connection with the company's business is made. The moneys and credits involved arose from the sources stated, viz., proceeds of cash sales, credits having their origin at the local selling stations and from a petty cash fund advanced the local stations.

There is no attempt to evade taxation nor to get a more favorable taxing district. The rate is uniform throughout the state. The question is one of taxable situs. Upon a consideration of the question we reach the conclusion that the business originating at each station is so localized as to establish there the taxable situs of the moneys and credits arising from or appertaining to it. We are cited to no case involving competition between local taxing districts within the state for the right to levy taxes on moneys and credits in a situation such as we have presented.

No contention is made that the physical property of the company is not taxable at the local stations. The fundamental principles determining the situs of intangible personal property has been over and over stated and a disposition is shown not to make the residence of the creditor a necessarily determining factor. In re Jefferson, 35 Minn. 215, 28 N. W. 256; State v. Scottish Am. M. Co. 76 Minn. 155, 78 N. W. 962, 1117; State v. London & N. A. M. Co. 80 Minn. 277, 83 N. W. 339; Liverpool v. Orleans, 221 U. S. 346, 31 Sup. Ct. 550, 55 L. ed. 762, L.R.A. 1915C, 903; Bristol v. Washington County, 177 U. S. 133, 20 Sup. Ct. 585, 44 L. ed. 701; Board v. Comptoir, 191 U. S. 388, 24 Sup. Ct. 109, 48 L. ed. 232; General Ele. Co. v. Board, 121 La. 116, 46 South. 122. The difficulty comes in the application of fundamental principles to particular situations. The question presented is not altogether free of difficulty. Questions of taxable situs are often troublesome. Perhaps the greater difficulty is with the situs of the credits. But we think all three classes of taxable property involved should be considered as parts of a localized business with a definite situs and we are fairly satisfied with the conclusion reached.

The relator cites State v. Minnesota Tax Commission, 117 Minn. 159, 134 N. W. 643, as controlling, or at least persuasive against the state's contention. That case involved the question of the deductibility of debts from credits in the taxation of moneys and credits. The court held that Laws 1911, p. 397, c. 285, providing for the taxation of moneys and credits, was a complete revision of the laws on the subject, and repealed by implication R. L. 1905, § 836, which provided for a deduction of debts from credits. Relator claims that it also repeals by implication, so far as applicable to moneys and credits, R. L. 1905, § 822, now embodied in G. S. 1913, § 2000, providing that personal property of a merchant or manufacturer shall be listed where the business is carried on. We are unable to concur in this view. Moneys and credits are still personal property, though taxed upon a different valuation. The statute providing the new method of taxation does not repeal section 2000, nor change the place of taxation of moneys and credits. They have in the case before us the same taxable situs as the physical property of the business.

Order affirmed.