James E. CARNEL, et al., Respondents,

v.

The TRAVELERS INSURANCE COMPANY, Appellants,

Sheriff of Dakota County, et al., Defendants.

No. C2–86–1616.

Court of Appeals of Minnesota.

March 10, 1987.

Cass S. Weil and Michael T. Oberle, St. Paul, for respondents.

James A. Beitz and Valerie K. Werness, Minneapolis, for appellants.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal of an order enjoining appellant The Travelers Insurance Company (Travelers) and the sheriffs of Dakota and Goodhue counties from taking any further action to terminate the interests of James and Mary Jo Carnel in the Carnels' farm property which was the subject of a mortgage and foreclosure sale. We reverse.

## FACTS

Respondents James and Mary Jo Carnel defaulted on a mortgage held by Travelers which then instituted foreclosure proceedings under Minnesota Statutes Chapter 580 and purchased the property at the foreclosure sale on April 25, 1985.

On March 22, 1986, the Minnesota Legislature enacted the Farmer-Lender Mediation Act which establishes mandatory mediation proceedings between farm debtors and creditors. On April 25, 1986, which was the day the Carnels' redemption period would have expired, the district court extended the Carnels' redemption period for thirty days so the Carnels could assert a claim under the Farmer-Lender Mediation Act. Travelers did not participate in the scheduled mediation session because it believed it no longer was a creditor of the Carnels and it believed the redemption period had expired.

The district court issued an order in which it concluded the redemption period under Chapter 580 is tolled when a mediation meeting notice is issued under section 583.26, subdivision 5 of the Farmer-Lender Mediation Act. The district court also held that the Farmer-Lender Mediation Act applied retroactively to certain foreclosure proceedings.

The district court enjoined Travelers "from taking any action to terminate the interest of the [Carnels] in the real property * * * until 90 days after the [initiation of] mediation or a mediation agreement is reached pursuant to Minn.Stat. § 583.26, subd. 5." The court ordered that the Carnels were entitled to possession of the real and personal property pending the conclusion of the mediation or a trial on the merits.

Travelers appeals, arguing that the Farmer-Lender Mediation Act does not apply in this case because the Act was adopted after the Carnels' property was sold by foreclosure sale, because no "debt" or debt collection "proceedings" subject to mediation exist anymore, because Travelers no longer is a creditor of the Carnels, and because the Act does not toll the re-

demption period under Minnesota Statutes Chapter 580.

## ISSUE

Do the mandatory mediation provisions of the Farmer-Lender Mediation Act toll the one-year redemption period under Minnesota Statutes Chapter 580 if the foreclosure sale was concluded before the enactment of the Act?

## ANALYSIS

A trial court's findings of fact will not be set aside unless clearly erroneous. Minn. R.Civ.P. 52.01. *See Murphy v. Country House, Inc.*, 349 N.W.2d 289, 293 (Minn.Ct. App.1984). A trial court's findings are clearly erroneous if there is no substantial evidentiary support or if they were induced by an erroneous view of the law. *Anda Construction Co. v. First Federal Savings and Loan Association*, 349 N.W.2d 275, 277 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Sept. 5, 1984). The district court's application of Minn.Stat. § 583.26, subd. 5 to the undisputed facts in this case is a conclusion of law which is not binding on appellate courts. *See A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

### Application of the Farmer-Lender Mediation Act

According to the legislative findings, the Farmer-Lender Mediation Act was enacted because

> [T]his state's farmers are unable to meet current payments of interest and principal payable on mortgages and other loan and land contracts and are threatened with the loss of their farmland, equipment, crops, and livestock through mortgage and lien foreclosures, cancellation of contracts for deed, and other collection actions.

Minn.Stat. § 583.21 (1986).

The Act expires in mid–1988 and contains a provision under which farm creditors and debtors must submit to mandatory mediation proceedings.

> A creditor desiring to start a proceeding to enforce a debt against agricultural property under chapter 580 or 581 * * *, to terminate a contract for deed to purchase agricultural property * * *, or to garnish, levy on, execute on, seize, or attach agricultural property, must serve an applicable mediation notice * * * on the debtor * * *. The creditor may not begin the proceeding until the creditor and debtor have completed mediation or as [otherwise allowed under the Act].

Minn.Stat. § 583.26, subd. 1.

If a debtor receives a mediation notice, the debtor must file a mediation request form which in turn results in the issuance of mediation meeting notices to the debtor and all known creditors. *See* Minn.Stat. § 583.26, subds. 2, 4. The Act does contain certain tolling provisions.

> [I]f a creditor receives a mediation meeting notice * * * the creditor and the creditor's successors in interest may not continue proceedings to enforce a debt against agricultural property of the debtor under chapter 580 or 581 * * *, to terminate a contract for deed to purchase agricultural property * * *, or to garnish, levy on, execute on, seize, or attach agricultural property. *Time periods under and affecting those procedures stop running until (1) 90 days after the initiation of mediation, or (2) a mediation agreement is reached.*

Minn.Stat. § 583.26, subd. 5(a) (emphasis added). The Act applies to certain farm "debtors" and "creditors," and defines "creditor" as

> the *holder of a mortgage* on agricultural property, a vendor of a contract for deed of agricultural property, a person with a lien or security interest in agricultural property, or a judgment creditor with a judgment against a debtor with agricultural property.

Minn.Stat. § 583.22, subd. 4 (emphasis added).

■ We conclude that if a mortgage debt is extinguished by foreclosure sale, the creditor-debtor relationship also ceases

to exist. *See Cross Companies, Inc. v. Citizens Mortgage Investment Trust*, 305 Minn. 111, 119, 232 N.W.2d 114, 119 (1975) ("a foreclosure sale for the full amount of the indebtedness extinguishes the mortgage debt"). Consequently, after the foreclosure sale in April 1985, Travelers no longer was a creditor within the meaning of the Farmer-Lender Mediation Act because, Travelers no longer was "the holder of a mortgage on agricultural property." *See* Minn.Stat. § 583.22, subd. 4 (defining "creditor" for the purposes of the Act).

In *Laue v. Production Credit Association of Blooming Prairie*, 390 N.W.2d 823 (Minn.Ct.App.1986), the petitioners were involved in foreclosure proceedings at the time the Act was enacted. We held that "the statute applies to *pending* proceedings." *Id.* at 826 (emphasis added).

> Construing the legislation to exclude all debtors *already subject to foreclosure, cancellation, replevin, and other collection proceedings* from the benefits of mandatory mediation * * * is entirely inconsistent with *clearly expressed* legislative intent.

*Id.* at 827 (emphasis added; footnote omitted). The foreclosure sale of the Carnels' property took place eleven months *prior* to the enactment of the mediation legislation; no foreclosure or other debt collection proceedings were pending.

■ We believe the Farmer-Lender Mediation Act does not apply to redemption periods for two reasons. First, the Act primarily is concerned with mediating difficulties in existing creditor-debtor circumstances and forestalling collection proceedings. The statute provides for mediation agreements "among the *debtor and creditors*" which may be submitted "to the Minnesota rural finance administration for approval of *debt restructuring.*" Minn.Stat. § 583.26, subd. 9 (emphasis added). After a foreclosure sale, there is no creditor-debtor relationship and there is no existing debt to restructure.

Second, the legislature could, but did not, address extensions of redemption periods in this Act even though it has expressly done so in emergency legislation enacted under similar circumstances. *See Blaisdell v. Home Building & Loan Association*, 189 Minn. 422, 249 N.W. 334, *aff'd*, 189 Minn. 448, 249 N.W. 893 (1933), *aff'd*, 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413 (1934) (upholding the Minnesota Mortgage Moratorium Law which expressly allowed extensions to redemption periods). The Farmer-Lender Mediation Act does toll some statutory time periods, however, those time periods relate to *collection proceedings* and *proceedings to enforce debt obligations* against agricultural property under the state's mortgage foreclosure statutes. *See* Minn.Stat. § 583.26, subd. 5(a). Excluding redemption period extensions from this legislation would not necessarily be inconsistent with the debt mediation policies and purposes of the Act because, once a foreclosure sale is concluded, there is no debt problem to mediate; mortgagors still have the right to reacquire property during the statutory redemption periods. *See* Minn. Stat. §§ 580.23, 581.10 (1986) (redemption by mortgagors).

■ The Carnels retained an equitable right of ownership in their property during the redemption period. *See Ewert v. Anderson*, 359 N.W.2d 293, 297 (Minn.Ct. App.1984) ("the mortgagor retains his rights of ownership, including the right to possession and the right to profits"); *Evans v. Rhode Island Hospital Trust Co.*, 67 Minn. 160, 163, 69 N.W. 715, 716 (1897). However, we do not believe a creditor-debtor relationship continued to exist within the meaning of the debt mediation legislation. *See Evans*, 67 Minn. at 163, 69 N.W. at 716 ("If the mortgagee or a third party bid off the premises for the full amount of the debt secured and expense of sale, there is no longer an unpaid or unsatisfied existing contract upon which either further foreclosure proceedings or right of action could be had, because the debt secured as a personal obligation is paid by sale * * * "). Moreover, we believe tolling the statutory redemption period would "enlarge the debtor's property rights beyond those specifically set forth by the Minnesota legisla-

ture." *Johnson v. First National Bank of Montevideo,* 719 F.2d 270, 274 (8th Cir. 1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984).

Finally, we are mindful that "unless clearly and manifestly so intended by the legislature," laws should not be applied retroactively. Minn.Stat. § 645.21 (1986). Therefore, on the specific facts of this case in which the foreclosure sale was concluded before the enactment of the mediation legislation, we hold that the district court erred by concluding the Farmer-Lender Mediation Act tolled the statutory redemption period within which the Carnels could have reacquired their farm.

### DECISION

The trial court erred as a matter of law when it concluded the Farmer-Lender Mediation Act tolled the one-year redemption period under Minnesota Statutes Chapter 580. The Act does not apply in this case because the foreclosure sale was concluded prior to the adoption of the Act, consequently there was no existing debt subject to mediation proceedings and no existing creditor-debtor relationship within the meaning of the Farmer-Lender Mediation Act.

Reversed.