**Ronald P. GREENLEE, petitioner,
Respondent,**

v.

**STATE of Minnesota, Commissioner of
Public Safety, Appellant.**

**No. C2–82–991.**

Supreme Court of Minnesota.

March 11, 1983.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr. and Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Baudler, Baudler & Maus, Austin, for respondent.

COYNE, Justice.

This appeal by the Commissioner of Public Safety raises the issue of the effect of an untimely report to the commissioner by the trial court of a driver's conviction of an offense that leads to automatic license revocation by the commissioner.

The driver in question is Ronald P. Greenlee, who has a record that includes convictions under Minn.Stat. § 169.121 for alcohol-influenced driving on July 5, 1974, April 3, 1975, June 30, 1977, and October 5, 1977.

His license was ordered revoked on April 13, 1978, effective January 6, 1978. He also was denied all driving privileges indefinitely under section 171.04(8) on the ground that the operation of a motor vehicle on the highways by him would be "inimical to public safety or welfare."

His subsequent record includes a refusal to submit to testing on October 13, 1978, and convictions under section 169.129 (aggravated violations) for alcohol-influenced driving on September 20, 1978, October 23, 1979, and April 29, 1980.

Apparently as a result of clerical error, his March 5, 1980, conviction for the October 23, 1979, violation was not reported to the Commissioner of Public Safety, as it should have been, within 10 days of the conviction. *See* Minn.Stat. §§ 169.95 and 171.16. The incident of October 23, 1979, however, gave rise to an implied consent revocation proceeding under section 169.-123.

In March of 1981 Greenlee applied to the commissioner for reinstatement, providing verification that he had abstained from the use of alcohol since April 29, 1980. The commissioner denied the application and informed him that, in view of his record, he would have to demonstrate at least 3 years of verified total abstinence before the commissioner would consider reinstating his license.

Subsequently Greenlee petitioned the court for reinstatement under section 171.-19. That matter was heard by the court and taken under advisement on February 19, 1982. Following the hearing, the commissioner's attorney checked court records and discovered the untransmitted certificate of conviction which should have been sent to the commissioner. He personally delivered this to the commissioner on February 22, 1982, and the commissioner re-

voked Greenlee's driving privileges for 1 year commencing March 3, 1982.

On March 11, 1982, the trial court, unaware of this, ordered the commissioner to reinstate Greenlee's driving privileges. There was no appeal from that order.

The commissioner refused to comply with the court's order of March 11, 1982, because of the belief that the filing of the certificate of conviction between the date of the hearing and the date of issuance of the order superseded the court's order.

On April 27, 1982, the court, having received information that the commissioner had not complied with the order of March 11, 1982, reaffirmed its earlier order.

When the commissioner still refused to issue a driver's license to Greenlee, Greenlee again petitioned for reinstatement of his driving privileges pursuant to section 171.-19.

At a hearing held on June 11, 1982, the commissioner's attorney, while not conceding that the law required concurrent service of periods of revocation, admitted that if the conviction had been timely reported to the commissioner, the revocation would have gone into effect in March of 1980, would have run concurrently with Greenlee's other revocations, and would not have been a bar to the reinstatement in 1982. However, he argued that once the report was filed, regardless of how late it was, the revocation automatically followed. He also argued that neither the commissioner nor the court had any authority to vacate it.

The trial court concluded otherwise and again reinstated Greenlee's license. The court ruled that unless a report is made to the commissioner within 10 days of the conviction, the commissioner has no power to revoke the license on the basis of the conviction. The court also ruled that as a result of undue delay not attributable to Greenlee, the revocation in this case was arbitrary and capricious and therefore unconstitutional. Finally, the court ruled that the intent of the order of March 11, 1982, was to extinguish all revocations imposed for violations that occurred prior to Febru-

ary 19, 1982, and that the commissioner had violated that order by revoking Greenlee's license.

This appeal followed.

█ We agree with the commissioner that the district court erred in concluding that unless a report is made to the commissioner within 10 days of the conviction, the commissioner has no power to revoke a license on the basis of the conviction. However, we nonetheless affirm the district court's order reinstating Greenlee's license. The record indicates that as a practical matter the period of revocation for the October 23, 1979, violation would have run concurrently with the other revocations and therefore would not have been a bar to reinstatement in 1982 if the violation had been reported promptly, as required by law. Under these unique circumstances, we hold that the revocation for the offense in question should be deemed to have become effective when it would have been effective had the reporting statute been followed. In other cases not involving the equitable considerations present in this case, the revocation period for a similar violation may commence at the time of the actual revocation.

Affirmed.