**STATE of Minnesota, Respondent,**

v.

**Terrance Ray KERKHOFF, Appellant.**

No. C3–85–576.

Court of Appeals of Minnesota.

Dec. 3, 1985.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Mark B. Thompson, Asst. Kanabec Co. Atty., Mora, for respondent.

Tristam O. Hage, Minneapolis, for appellant.

Heard, considered and decided by RANDALL, P.J., and PARKER and SEDGWICK, JJ.

## SUMMARY OPINION

SEDGWICK, Judge.

### FACTS

When investigating at the scene of a two vehicle personal injury accident, a Minnesota state trooper asked who had driven one of the vehicles. Appellant replied he was the driver. The officer checked with the Department of Public Safety and determined that appellant's license was revoked. Appellant was convicted of driving after revocation of his driver's license. Minn. Stat. § 171.24 (1984). Appellant maintains he was convicted solely on the basis of his confession in violation of Minn.Stat. § 634.-03 (1984).

### DECISION

Minn.Stat. § 634.03 (1984) provides in part:

A confession of the defendant shall not be sufficient to warrant his conviction without evidence that the offense charged has been committed * * *.

Even if we assume that an admission of driving is a confession, appellant's argument is without merit. The officer independently verified that the motor vehicle driven by defendant had been operated on the public highway (there was no other way for it to get there), that someone had operated it, and that appellant's license was under revocation.

Corroboration by independent evidence is not required as to all or any of the elements of the crime but a confession may be "sufficiently substantiated by independent evidence of attending facts or circumstances from which the jury may infer the trustworthiness of the confession." *Smoot v. United States*, 312 F.2d 881, 885 (D.C.Cir. 1962). *See also In re the Welfare of M.D.S.*, 345 N.W.2d 723 (Minn.1984).

The evidence was sufficient to sustain appellant's conviction for driving after revocation.

Affirmed.