**STATE of Minnesota, Respondent,**

v.

**Daniel L. COADY, Appellant.**

**No. C0–87–359.**

Court of Appeals of Minnesota.

Sept. 15, 1987.

Review Denied Nov. 6, 1987.

Peter C. Mayrand, Doffing, Rowe & Mayrand, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Bertil W. Ekstrum, Jr., Smith, Juster, Feikema, Malmon & Haskvitz, Minneapolis, for respondent.

Heard, considered and decided by FOLEY, P.J., and PARKER and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

Daniel Coady appeals his conviction, following a court trial, for driving after revocation, Minn.Stat. § 171.24 (1986). We affirm.

## FACTS

Coady was stopped August 22, 1986, by a Fridley police officer who observed him make an illegal right-hand turn. Officer Lawrence Farber testified that when he asked Coady for his license, Coady replied it was at home. A driver's license check showed the license was revoked.

The prosecution introduced, over Coady's objection, a certified copy of a computer print-out of Coady's driver's license record, with accompanying certified copies of revocation and suspension notices. Coady also objected to the documents on grounds they showed other offenses and were not noticed under *Spreigl* procedures. He requested deletion of the prior offenses. The court overruled this objection, stating that since trial was to the court, it could strike on its own those portions not admissible. The court stated it would take "judicial notice" of those parts of the documents pertaining to the current offense.

Coady moved for dismissal following the prosecution's case on grounds the state's exhibits showed the revocation and suspension notices were sent but returned undelivered. He claimed this was a defense under the pre–1984 statute, Minn.Stat. § 171.24, and since the revocation predated 1984, that statute applied to his offense.

The court found Coady guilty of both charges, and sentenced him to 60 days in jail, sentence stayed pending appeal.

## ISSUES

1. Did the court err in admitting the certified copy of Coady's driving record?

2. Was the evidence sufficient to support the finding of guilty of driving after revocation?

## ANALYSIS

Minn.R.Evid. 1005 provides that a copy of a public record, certified as correct by the custodian or other authorized person under Minn.R.Evid. 902, may be used to prove the contents of the record. The su-

preme court held in *State v. Brown,* 303 Minn. 114, 226 N.W.2d 747 (1975), that a certified copy of the driver's record is admissible without testimony of the record's custodian. Minn.Stat. § 171.21 (1986) provides the same.

Coady's argument on the lack of a *Spreigl* notice is without merit. Minn.R. Crim.P. 7.02 specifically excludes "offenses for which [the defendant] has been previously prosecuted." This would include all offenses noted on the driving record.

 The offense of driving after revocation requires only that the defendant be shown to have driven an automobile, on a public highway, while his license was under revocation. *See State v. Kerkhoff,* 377 N.W.2d 81, 82 (Minn.Ct.App.1985). The 1984 amendment removed the requirement that a violation be "willful." 1984 Minn. Laws ch. 622, § 17.

 There is no merit to Coady's claim that the 1983 law should apply. The record discloses that proper notice of revocation was given by mailing a true copy thereof to the address on appellant's driver's license. Actual receipt of the notice is not required to meet due process requirements. *State v. Green,* 351 N.W.2d 42, 44 (Minn.Ct.App. 1984). It is not a defense that a person failed to file a change of address with the post office or failed to notify the Department of Public Safety as required under Minn.Stat. § 171.11. 1984 Minn. Laws ch. 622, § 27, provided that this amendment was effective August 31, 1984, applicable to offenses committed on or after that date. Here the offense of driving after revocation occurred in 1986. The evidence was sufficient to support the conviction.

We have considered appellant's other arguments and find them to be without merit.

## DECISION

Appellant's conviction for driving after revocation is affirmed.

Affirmed.