In the Matter of the WELFARE
OF S.C.C., Child.

No. C3–89–1347.

Court of Appeals of Minnesota.

March 13, 1990.

Leif P. Carlson, Winzenburg & Halverson, Mankato, for appellant child.

Ross E. Arneson, Blue Earth County Atty., Ronald M. Otten, Sr., Asst. County Atty., Mankato, for respondent State of Minnesota.

Considered and decided by LANSING, P.J., and HUSPENI and KALITOWSKI, JJ.

## OPINION

HUSPENI, Judge.

Appellant was adjudicated delinquent by the juvenile division of the district court because he was driving while he believed his license to be suspended, even though he had met all requirements of record for its reinstatement. We reverse.

### FACTS

During March, 1988, appellant received a notice from the Department of Public Safety (DPS) notifying him that his driving license was suspended as of April 1, 1988. The notice also listed, under requirements for reinstatement:

* Withdrawal of all privileges effective on above date and to continue for 30 days.

* Pay $20 reinstatement fee.

Appellant paid the reinstatement fee on April 27, 1988, and accompanied the payment with this written statement:

I am unable to find my Minnesota drivers license at this time. I am therefore sending this sworn statement to why I cannot send my license in. I understand that my· license is suspended until I am notif[i]ed about reinstatement.

I am also sending a $20.00 reinstatement fee at this time.

Appellant's written statement was received by the DPS on April 29, 1988. Neither the record nor the standard practice of Blue Earth County provides any source for appellant's belief that his license would continue to be suspended until he was notified of its reinstatement.

On May 2, 1988, appellant was driving and backed into another vehicle. He was issued a citation for driving after suspension of his license. The only documents before the trial court and this court as evidence to support the offense of driving after suspension were the DPS notice dated April 1, 1988 and appellant's April 27, 1988 written statement.

## ISSUE

Did the trial court err in its conclusion of law that appellant was guilty beyond a reasonable doubt of operating a motor vehicle in violation of Minn.Stat. § 171.24?

## ANALYSIS

Minn.Stat. § 171.24 (1988) reads in pertinent part:

Any person whose driver's license * * * has been * * * suspended * * * and who has been given notice of * * * suspension * * * and who disobeys such order by operating anywhere in this state any motor vehicle * * * while such license * * * is * * * suspended * * * is guilty of a misdemeanor.

The notice appellant received stated that his license was suspended for 30 days following April 1. He was driving on May 2, a date not within the period specified for suspension. Appellant did not believe in automatic reinstatement, as is evident from his letter accompanying his payment of the fee.

The trial court found:

[t]hat on May 2, 1988, [appellant] knew his license was suspended and did operate a motor vehicle on May 2, 1988, while his license was suspended by the State of Minnesota.

The law, not appellant's "knowledge," determined the validity of his license. Therefore, we must decide whether a driver's license suspended for a stated period is automatically reinstated at the expiration of that period if the reinstatement requirements are met. Appellant argues that it is and that whether he understood the law is irrelevant.

■ We agree that appellant's state of mind is irrelevant. In *State v. Coady*, 412 N.W.2d 39, 41 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Nov. 6, 1987), the court stated:

The offense of driving after revocation requires only that the defendant be shown to have driven an automobile, on a public highway, while his license was under revocation. The 1984 amendment removed the requirement that the violation be "wilful." 1984 Minn. Laws ch. 622, 17.

(Citations omitted.) Since willfulness is no longer required for a violation of the statute, the issue is not what appellant knew or believed on May 2, but what he did. Unless appellant's license was actually suspended on May 2, he did not violate the statute.

■ Respondent cites *Greenlee v. State of Minnesota, Commissioner of Public Safety*, 330 N.W.2d 713 (Minn.1983), to support its argument that despite the state's notice suspending appellant's license for 30 days as of April 1, 1988, the suspension period did not begin to run until April 27, 1988, when appellant filed the affidavit stating that his license was lost. We believe reliance on *Greenlee* is misplaced. That case involved a trial court's delay in reporting a conviction rather than an offender's delay in surrendering his license, and its holding has little applicability to the issue in this case.

We are cited to no authority, nor has our research revealed any to support the propo-

sition that at the time appellant was charged with the offense here challenged, surrender of his driver's license initiated the period of suspension. That proposition, however, would be true if suspension occurred after January 1, 1990. Minn.Stat. § 171.20, subd. 1 was amended effective January 1, 1990 to read:

The * * * suspension * * * takes effect immediately on notification of the licensee, but credit must not be given toward the specified withdrawal period until the license certificate is surrendered.

See 1989 Minn. Laws, ch. 307, §§ 31; 41. The legislative history of this amendment reveals no intention to make it retroactive; therefore, there is no justification for applying it to events prior to its stated effective date.

No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature.

Minn.Stat. § 645.21 (1988). Further, we believe the amendment clearly sets forth a substantive change in the law and cannot be construed to be merely a clarifying provision. *See Nardini v. Nardini*, 414 N.W.2d 184, 196 (Minn.1987).

The April 1 notice to appellant instructed him as to what he must do to effectuate reinstatement of his license. He followed those instructions. The record is silent in regard to any other requirements that DPS may have placed upon appellant. He was entitled to rely on the April 1 notice. We are unable to find support in either statutory or case law for the view that appellant's license was not reinstated on May 2.

### DECISION

Notwithstanding appellant's belief to the contrary, his driver's license was reinstated on April 30, 1988, when the period of suspension had run and the requirements for reinstatement printed on the notice of suspension had been fulfilled.

Reversed.