**STATE of Minnesota, Respondent,**

**v.**

**Andrew David LARSON, Appellant.**

**No. C9–92–2111.**

Court of Appeals of Minnesota.

June 1, 1993.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Gregg Woods, Columbia Heights City Atty., Kevin Giebel, Asst. City Atty., Minneapolis, for respondent.

Donald H. Nichols, Nichols Kaster & Anderson, Minneapolis, for appellant.

Considered by PETERSON, P.J., and HUSPENI, and RANDALL, JJ.

## OPINION

RANDALL, Judge.

On appeal from his conviction for driving after revocation, Andrew Larson argues the trial court erred in suppressing a license renewal reminder he received from the Department of Public Safety. We agree, and reverse and remand for a new trial.

## FACTS

In March 1992, appellant Andrew Larson was charged with driving after revocation. At the pretrial conference, appellant agreed he had received a notice of revocation in November 1991. But further, he said he also received a license renewal notice from the state Driver and Vehicle Services Division (DVSD) before March 1992. The card was sent to appellant at his correct address. On the front, the card stated:

YOUR RENEWAL FEE IS $15.00
YOU HAVE A CLASS C LICENSE
MUST SURRENDER IDENTIFICATION CARD

On the back, the card said:

### *MINNESOTA DRIVERS LICENSE/ID RENEWAL REMINDER*

### READ CAREFULLY

Your license or identification card will expire on your birthday. Your privileges to operate a motor vehicle are no longer valid after that date. If you fail to renew your license within a year from expiration you will be required to take a written and driving test to obtain driving privileges. THIS IS THE ONLY REMINDER THAT YOU WILL RECEIVE. To renew your drivers license YOU MUST APPEAR IN PERSON for a vision screening and a photograph at a Drivers License Examining Office or a Court Administrators Office. Please bring this reminder with you when making application.

When making application, you must present your expiring Minnesota drivers license and/or Minnesota identification

card. If you have lost your drivers license or identification card, you must present another form of identification such as a certified copy of a birth certificate.

If your name has changed since your last application you must present an original certified copy of a court order or a certificate of marriage. Contact your nearest renewal office if you have any questions regarding proper documentation. Married applicants may use their surname prior to marriage as a middle name with proper documentation.

Appellant's attorney indicated he intended to offer the March license renewal reminder (LRR) as evidence. He argued it would be proper for the jury to consider it when determining the issue of whether appellant received a notice of revocation or reasonably should have known that his driving privileges were suspended. Appellant argues the LRR could fairly infer to a driver that he still had a driver's license in Minnesota.

Appellant made an offer of proof. Appellant stated he and his mother would testify he received the LRR in the mail before the offense, he believed the card came from the DVSD, and that he believed the card meant his driver's license had been reinstated. The state objected on grounds of relevancy and lack of foundation. The trial court sustained the state's objection. The trial court noted the card was not dated. The court also stated the card was notice only that appellant's license would expire unless he took the necessary steps to renew the license, was not part of appellant's official driving record, and had no effect on the validity of his license. As a result, the court found the card would "confuse" the jury about the status of appellant's license.

After the trial court excluded the notice, appellant waived a jury trial, preserved the suppression issue for appeal, and submitted the case on stipulated facts to the court. The state's evidence was just a certified copy of appellant's driving record which showed his license had been revoked on the date of the offense and a copy of the notice of revocation that had been sent to appellant in November. Appellant stipulated he received the November notice and that he was driving a motor vehicle in Columbia Heights at the time of the offense. The trial court found appellant guilty of driving after revocation but stayed sentence pending this appeal.

### ISSUE

Did the trial court err by suppressing admission of the driver's license renewal reminder appellant received shortly before the offense?

### ANALYSIS

■ Generally, evidentiary rulings lie within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion. *State v. Kelly*, 435 N.W.2d 807, 813 (Minn.1989). However, if an evidentiary ruling violated the accused's constitutional right to present a defense, the decision will be reversed unless the error was harmless beyond a reasonable doubt. *Id.*

■ It is a misdemeanor for a person whose driver's license has been revoked and who has been given notice of the revocation to operate a motor vehicle while his license is revoked. Minn.Stat. § 171.24(a) (1990). As in any criminal case, the state has the burden to prove each element of the offense beyond a reasonable doubt. *State v. Paige*, 256 N.W.2d 298, 303 (Minn. 1977).

Appellant argues the trial court committed reversible error in excluding the driver's license renewal notice because this card was relevant evidence concerning the actual status of his license. Appellant claims the card arguably contradicted or modified the notice of revocation he received in November, and since the reminder notice was received last in time, March, between the two he felt he could rely on the most recent. Appellant claims suppression of the card was prejudicial. We agree.

■ A defendant in a criminal case has the right to present a defense in accordance with the rules of evidence. *See*

*State v. Buchanan*, 431 N.W.2d 542, 550 (Minn.1988) (defendant's constitutional right to give testimony must be balanced against relevancy requirement). The rule of evidence is clear. Relevant evidence is admissible. Minn.R.Evid. 401. Relevant evidence is any evidence tending to make the existence of a fact of consequence to the determination of the action more or less probable than it would be without the evidence. *Id.*

 One of the essential elements the state has to prove to get a conviction for driving after revocation [1] is that the driver had either been given notice of revocation or reasonably should have known about it. Appellant properly argues that the second notice, the LRR received in March, came from the same department as the one in November and could fairly raise, in a jury's mind, a question of whether the November notice truly was a notice of revocation, and if it was, was it somehow countermanded by the March LRR. Certainly the state would be free to argue that the November notice was clear, and that the March LRR neither contradicted nor countermanded it. It is not within our review to weigh the facts and decide who would have the better argument. But it is within our review to decide whether appellant's right to argue his case was impermissibly limited. We find that it was.

The LRR stated appellant had a class C license and a warning that this license would expire on appellant's birthday unless he took steps to renew it. On its face, it seems to suggest that the person to whom the card was sent had a valid license, but must do certain things to protect it. Appellant at least had a right to present that theory to a jury. The March LRR did not have to be overwhelming evidence of innocence to be relevant and admissible. Looking at Minn.R.Evid. 401, relevant evidence defined, the existence of the LRR sent in March does raise a factual question as to whether the State of Minnesota gave appellant proper notice in November or at least that he should reasonably have known in March that he had no driving privileges.

At least the inference to be drawn from the notices and the resolution of that factual dispute should have been for the jury. The trial court should have admitted the LRR for whatever weight the jury would give it. The state would have the right to offer testimony to rebut the LRR, but it was improper for the trial court to keep the LRR from the jury.

 Appellant correctly notes the state's claim that the LRR would "confuse" the jury essentially concedes that the two notices, taken together, create a serious ambiguity as to what the State of Minnesota tried to tell appellant in March about his right to drive.

 The two notices, taken together, cast a cloud on an essential element of the charge against appellant, whether he had proper notice of revocation at the time of the alleged violation. The trial court's suppression of the LRR, in effect, directed a guilty verdict against appellant. In civil cases, the court has authority to direct a verdict for either side. In a criminal case, the court has the authority only to direct a verdict against the state. If fact issues are to be decided against a defendant in a criminal case, they *must* be decided by a

---

1. Minn.Stat. § 171.24(a) (1990) states:

 Any person whose driver's license or driving privilege has been canceled, suspended, or revoked and who has been given notice of, or reasonably should know of the revocation, suspension, or cancellation, and who disobeys such order by operating anywhere in this state any motor vehicle, the operation of which requires a driver's license, while such license or privilege is canceled, suspended, or revoked is guilty of a misdemeanor.

 CRIMJIG 29.25 provides the elements of driving after revocation are:

 First, defendant operated a motor vehicle.

 Second, the operation of the motor vehicle required a driver's license. The statutes of Minnesota require a driver's license for the operation of any motor vehicle upon any street or highway within the state.

 Third, defendant's license was revoked at the time he was operating the motor vehicle.

 Fourth, defendant had been given notice of the revocation, or reasonably should have known of it.

 Fifth, defendant's acts took place in [the county charged], State of Minnesota.

 10A *Minnesota Practice*, CRIMJIG 29.25 (1990).

factfinder. Appellant waived his right to a jury trial only after the trial court excluded the LLR, and both sides tacitly agreed the case would likely rise or fall on this evidence. Together the parties, in the interest of judicial economy, had a short trial and made a record for appellate review on the suppression.

At oral argument, the state pointed out that although they were fully aware of their right to call witnesses from the DVSD to explain the status of appellant's driving privileges in March 1992, and to explain what the LRR meant, "they like to get by" with documentary evidence in most license violation cases because of their case load and the difficulty of obtaining witnesses from the highway department. We can only observe that the state in a criminal case is free to proceed with whatever evidence they see fit. It cannot be held against appellant that he put the state to its burden of proof.

Finally, the LLR had sufficient foundation. Relevant evidence must be authenticated before it is admissible. Minn. R.Evid. 901. The authentication requirement is satisfied by evidence sufficient to show the item in question is what its offeror claims. *Id.* The card itself states it was sent by the DVSD. The state concedes the identity of the sender is the DVSD. The state questions the lack of a date, but witnesses are entitled to testify that they received mail at or about a certain date. Appellant and his mother were prepared to testify he received the card in the mail shortly before the commission of the offense. The offered testimony as to the date of reception, and the notice itself, is sufficient to find the card was authenticated as a driver's license renewal reminder from the DVSD that appellant received before the offense. The jury would decide what weight, if any, to give to this evidence, but appellant had a constitutional right to present it.

We find the LLR was erroneously suppressed. We cannot say the exclusion of the LLR was harmless beyond a reasonable doubt. Thus, we reverse appellant's conviction and remand for a new trial.

## DECISION

The trial court erred by suppressing the March license renewal reminder. The evidence was relevant on the issue of whether appellant had notice of revocation. The March reminder would not tend to confuse the jury any more than the November notice. The state was free to present further evidence from the DVSD to explain the March notice.

Exclusion of the March notice violated appellant's right to present a defense in a criminal case.

**Reversed and remanded.**

PETERSON, Judge, (dissenting).

I respectfully dissent because I believe our decision in this case is controlled by this court's decision in *In re Welfare of S.C.C.*, 452 N.W.2d 490 (Minn.App.1990). In *S.C.C.*, a driver whose license had been suspended satisfied all of the requirements for reinstatement of the license, but drove before he was notified that his license was reinstated. *Id.* at 491. The driver believed his license was suspended until he received notice of reinstatement. *Id.* The trial court found the driver guilty of operating a motor vehicle in violation of Minn.Stat. § 171.24 and this court reversed, stating:

The law, not appellant's "knowledge," determined the validity of his license. Therefore, we must decide whether a driver's license suspended for a stated period is automatically reinstated at the expiration of that period if the reinstatement requirements are met. Appellant argues that it is and that whether he understood the law is irrelevant.

We agree that appellant's state of mind is irrelevant. In *State v. Coady*, 412 N.W.2d 39, 41 (Minn.App.1987), *pet. for rev. denied* (Minn. Nov. 6, 1987), the court stated:

The offense of driving after revocation requires only that the defendant be shown to have driven an automobile, on a public highway, while his license was under revocation. The 1984 amendment removed the requirement

that the violation be "wilful." 1984 Minn.Laws ch. 622, 17.

(Citations omitted.) Since willfulness is no longer required for a violation of the statute, the issue is not what appellant knew or believed on May 2, but what he did. Unless appellant's license was actually suspended on May 2, he did not violate the statute.

*Id.*

Similarly, in this case, it does not matter whether Larson thought the renewal notice reminder had some effect on the status of his driver's license. The record shows the state proved all of the elements necessary to establish the offense of driving after revocation: (1) Larson was given notice of the revocation of his license; (2) his license was revoked on the date of the offense; and (3) Larson drove without a valid license. *See* 10A *Minnesota Practice,* CRIMJIG 29.25 (1990) (listing elements of offense). It is not a defense that Larson believed his license had been reinstated even if he demonstrates his belief was reasonable. *See S.C.C.,* 452 N.W.2d at 492. The license renewal notice Larson received had no effect on the status of his license. It only affected his belief about the status of his license. Because Larson's belief was irrelevant, the notice was irrelevant.

While Larson had a right to present a defense, that right must have been exercised in accordance with the rules of evidence. *State v. Buchanan,* 431 N.W.2d 542, 550–51 (Minn.1988). Only relevant evidence is admissible. Minn.R.Evid. 402. As the license renewal evidence was irrelevant, Larson had no right to introduce it and the trial court properly prevented him from doing so.