**STATE of Minnesota, Respondent,**

v.

**Robert Fredrick BAUMAN, Appellant.**

No. C4–96–193.

Court of Appeals of Minnesota.

Aug. 13, 1996.

Review Denied Nov. 20, 1996.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Christopher D. Cain, Mankato City Atty., Mankato, for Respondent.

Allen P. Eskens, Rockow·Eskens Law Office, Mankato, for Appellant.

Considered and decided by WILLIS, P.J., KALITOWSKI and HOLTAN, JJ.

**OPINION**

HOLTAN, Judge.*

Appellant Robert Bauman challenges his conviction for driving after revocation of license, arguing that the statute requires operation of a motor vehicle on a street or highway. We affirm the conviction.

**FACTS**

On February 19, 1995, a sheriff's deputy stopped Bauman backing an automobile out ·of a space in a parking lot adjacent to the Blue Earth County Courthouse. The deputy cited Bauman for driving after revocation of his driver's license ·in violation of Minn.Stat. § 171.24. (Bauman had been at the courthouse to plead guilty to a prior charge of driving after revocation.)

Bauman moved to dismiss the charge for lack of probable cause, arguing that he could not be convicted under section 171.24 because he did not drive outside the parking lot; the district court denied the motion. Bauman subsequently waived his right to a jury trial, and the case was submitted to the

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

pointment pursuant to · Minn. Const. art. VI, § 10.

district court on stipulated facts. The court convicted Bauman. Bauman now appeals the denial of his motion to dismiss.

## ISSUE

Does violation of the statute prohibiting driving after revocation of license require operation of a motor vehicle on a street or highway?

## ANALYSIS

■ Bauman was convicted under section 171.24, which provides that a person commits a misdemeanor if

(1) the person's driver's license or driving privilege has been revoked;

(2) the person has been given notice of or reasonably should know of the revocation; and

(3) the person disobeys the order by operating in this state any motor vehicle, *the operation of which requires a driver's license,* while the person's license or privilege is revoked.

Minn.Stat. § 171.24, subd. 2 (1994) (emphasis added). It is undisputed that Bauman's driver's license had been revoked and that he knew of the revocation; the only issue is whether Bauman satisfied the third element when he drove in the courthouse parking lot.

Bauman argues that the phrase highlighted above means that the defendant must have performed an act that requires a driver's license. Section 171.02 provides:

No person, except those hereinafter expressly exempted, shall drive any motor vehicle *upon any street or highway* in this state unless such person has a license valid under the provisions of this chapter for the type or class of vehicle being driven.

Minn.Stat. § 171.02, subd. 1 (1994) (emphasis added). Bauman argues that because a license is required only for driving on streets and highways, a person does not violate section 171.24 unless he has driven after revocation on a street or highway. Accordingly, Bauman contends that he did not violate the statute because he drove only in the parking

lot.[1] Construction of a criminal statute is a question of law, which we review de novo. *State v. Zacher,* 504 N.W.2d 468, 470 (Minn. 1993).

In support of his interpretation, Bauman cites the following language by this court:

The offense of driving after revocation requires only that the defendant be shown to have driven an automobile, on a public highway, while his license was under revocation.

*State v. Coady,* 412 N.W.2d 39, 41 (Minn. App.1987), *review denied* (Minn. Nov. 6, 1987). This language is dictum, however, because *Coady* concerned only the statute's notification requirement, not whether driving on a street or highway was a necessary element of the offense. *See id.*

Bauman also notes that the reckless driving statute explicitly applies to driving in parking lots. *See* Minn.Stat. § 169.13, subd. 3 (1994). Bauman argues that if the legislature intended that section 171.24 also apply to parking lot driving, it would have demonstrated such intent by explicit language in the statute.

The state argues that the phrase, "the operation of which requires a driver's license," modifies not the defendant's *operation* of the motor vehicle, but rather the *motor vehicle* being driven. Grammatically, this interpretation is correct. *See McClish v. Pan-O-Gold Baking Co.,* 336 N.W.2d 538, 543 (Minn.1983) ("[S]tatutory words and phrases must be construed according to the rules of grammar and common usage."). To accomplish Bauman's interpretation, the statute more properly would use the following syntax: " * * * by operating in this state any motor vehicle, *which operation* requires a driver's license * * *." Thus, the only geographic limitation is the phrase "in this state"—just like the DWI statute, which is not restricted in scope to driving on streets or highways but applies also to driving in parking lots. *See* Minn.Stat. § 169.121, subd. 1 (1994) (DWI statute); *Schafer v. Commissioner of Pub. Safety,* 348 N.W.2d

---

1. The state has suggested that the courthouse parking lot constituted a street or highway for purposes of the statute. *See* Minn.Stat. § 171.01,

subd. 10 (1994) (defining "street or highway"). In light of our holding, we need not address this issue.

365, 367 (Minn.App.1984) (DWI statute applies to driving anywhere in the state, including private property).

In the absence of evidence of a contrary legislative intent, we construe section 171.24 literally, in accordance with proper grammar and usage. Consequently, we hold that a person may be convicted of driving after revocation without driving on a street or highway.

## DECISION

The statute prohibiting driving after revocation of license does not require operation of a motor vehicle on a street or highway for its violation; accordingly, Bauman violated the statute when he drove in the courthouse parking lot.

**Affirmed.**

